## EUGENE BRANCONNIER'S CASE.

Suffolk. January 14, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act. Proximate Cause.*

If a workman employed by a subscriber under the workmen's compensation act, who had lost one eye before he entered such employ, is totally incapacitated for work by the loss of his remaining eye from an injury arising out of and in the course of his employment, he is entitled to compensation under the act, although his total incapacity is in part the result of the previous accident by which he lost the first eye.

RUGG, C. J. The employee, a man who in 1910 had lost one eye, met with an injury in 1915 arising out of and in the course of his employment for a subscriber under the workmen's compensation act, whereby he lost the sight of his remaining eye. The question presented is whether there was error in refusing to rule as matter of law that the total incapacity of the employee could not be attributed to the injury of 1915, because made up in part of the result of a previous accident.

The denial of this request was right. The employee, when he entered the service of the subscriber, had that degree of capacity which enabled him to do the work for which he was hired. That was his capacity. It was an impaired capacity as compared with the normal capacity of a healthy man in the possession of all his faculties. But nevertheless, it was the employee's capacity. It enabled him to earn the wages which he received. He became an "employee" under the act and thereby entitled to all the benefits conferred upon those coming within that description. The act affords a fixed compensation for a limited time "While the incapacity for work resulting from the injury is total." St. 1911, c. 751, Part II, § 9. It establishes no other standard. It fixes no method for dividing the effect of the injury and attributing a part of it to the employment and another part to some pre-existing condition, and it gives no indication that the Legislature intended any such division. The total capacity of this employee was not so great as it would have

been if he had had two sound eyes. His total capacity was thus only a part of that of the normal man. But that capacity, which was all he had, has been transformed into a total incapacity by reason of the injury. That result has come to him entirely through the injury. In principle this case is concluded by the reasoning and the decision of *Madden's Case,* 222 Mass. 487, where the subject of pre-existing infirmities of the employee, as bearing upon the right and extent of compensation under the act, was discussed at large. *Brightman's Case,* 220 Mass. 17.

This conclusion is in harmony with *Ball* v. *William Hunt & Sons, Ltd.* [1912] A. C. 496, *Lee* v. *William Baird & Co. Ltd.* 45 Sc. L. R. 717, and *Schwab* v. *Emporium Forestry Co.* 167 App. Div. (N. Y.) 614. The statute under consideration in *Weaver* v. *Maxwell Motor Co.* 186 Mich. 588, appears to have been so different as perhaps not to make that decision inconsistent with our view. But if, and so far as it is inconsistent, we are constrained not to follow it.

*Decree * affirmed.*

*L. C. Doyle,* for the insurer.
*A. L. Eno,* for the employee.

---

* Made in the Superior Court by *Morton,* J., affirming a decision of the Industrial Accident Board.