## No. 9275.

## THE INDUSTRIAL COMMISSION v. JOHNSON.

1. INDUSTRIAL COMMISSION—*Findings of—Effect*, supported by credible and substantial evidence must be accepted by the courts. But their award not in accordance with their findings, will be rejected.

2. —— *Construction of the Statute.* The statute organizing the Industrial Commission (Laws 1915 c. 180) is highly remedial in purpose, and to be liberally construed.

3. —— *Blindness—Compensation.* One who has only such vision as enables him to recognize a form before him, but not to distinguish its outline, is blind, within the meaning of the statute.

*Error to Denver District Court, Hon. John I. Mullins, Judge.*

*En banc.*

Hon. LESLIE E. HUBBARD, Attorney General and Mr. JOHN L. SCHWEIGERT, Assistant Attorney General, for The Industrial Commission.

Mr. GEO. P. WINTERS, Messrs. FILLIUS, FILLIUS and WINTERS, for the other plaintiffs in error.

Mr. HENRY E. MAY, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error filed with the Industrial Commission a claim for compensation under Chapter 179, Laws of 1915, for injury to one of his eyes while in the employ of plaintiff in error The Spratlen-Anderson Mercantile Company.

On a hearing on the complaint the Commission found that Johnson had become totally blind in one eye by reason of said injury, and awarded him seven dollars per week for 104 weeks. Later, a rehearing was granted; the Commission found that Johnson still had useful vision, and reduced the period during which compensation was to be paid to 9 and 5/11 weeks. It found also that claimant, having received $147, was owing the respondents the sum of $80.80.

Thereupon the claimant filed suit in the District Court of the City and County of Denver to set aside and modify the award on the second hearing, and to reinstate and confirm the award made on the first hearing. The court determined that the claimant's disability amounted to total blindness, and made an award on that basis.

The case is now here for review under said statute.

It is contended by the plaintiffs in error that the court's judgment is based upon new findings of fact, which, by the statute, it has no power to make. The several errors assigned are all based upon the proposition that, if the findings of the Commission are supported by credible and substantial evidence, they must be accepted by the court; and that the court rejected findings which were thus supported.

That the rule of law is as counsel claim is not to be doubted, but that the trial court violated it is not established.

The Commission found that the Claimant, prior to the injury,

"had suffered a reduced vision to that eye of 6/66, or 1/11 of normal vision; * * * that such diminution of vision, due to the accident, is not more than 1/11th of a total loss of vision in said eye, and that claimant still has useful vision in said left eye since the accident. * * * that he is entitled to such proportionate amount of compensation at $7 for 104 weeks, as the diminution of vision that he actually suffered, in this eye by reason of the accident, bears to total blindness, which the Commission finds, as aforesaid, to be 1/11th."

The award on that basis, for 9 and 5/11 weeks, is then made, as above stated.

Counsel for plaintiffs in error treat this finding as being that Johnson lost 1/11 of what vision he had when injured, which would be 1/121 of normal vision. That, however, is not supported by anything in the record.

Nowhere in the evidence is 1/11th of anything mentioned except as a fraction of normal vision, and Dr. Strick-

ler testifying for the plaintiffs in error, stated that he could not say what proportion of the vision, which claimant had at the time of the accident, had been lost because of the injury; but that it was more than fifty per cent. He had already testified that, because of trachomy, claimant had lost 10/11 of normal vision before the accident.

It clearly appears from the record that the Commission was of the opinion that the amount of compensation is to be determined by ascertaining how much an injury contributes to a disability. That is, it is assumed that if a claimant was partially disabled prior to the injury which forms the basis of his claim, and because of the injury he be found totally disabled, he is not to receive the compensation fixed for disability, because it was not all due to the injury. To illustrate: If claimant before the injury had only one half or normal vision, and lost one-half of that, he would be entitled to one-quarter of the compensation allowed for total blindness.

It is hardly necessary to say that such is not a correct construction of the law. *Hills v. Oval Dish Co.*, 191 Mich. 411, 158 N. W. 214; *Duprey v. Maryland Casualty Co*, 219 Mass 189, 106 N. E. 686; and *Hartz v. Hartford Faience Co.*, 90 Conn. 539, 97 Atl. 1020. That being the understanding of the Commission, when the claimant is given 1/11th of the compensation for total disability, it is clear that the Commission based its award on the loss of 1/11th of normal vision.

The evidence showed that at the time of the hearing Johnson was unable to count the fingers on one's hand at any point before the left eye, while before the injury he could distinguish them at a distance of about ten feet, and could read. After the injury, he could distinguish an object between himself and the light, but could not determine what it was. He had what the medical witness called "dodging vision"; that is, he might be able to get out of the way of an approaching object, though he could not tell what it was.

On these findings the Commission determined that the claimant still had "useful vision," and was not entitled to the compensation allowed for total blindness of one eye.

It does not appear how he could have any vision left, if, having only 1/11th of vision, he lost 1/11th.

Whether or not a condition found to exist amounts to total blindness, as used in this statute, is a question of law, in deciding which the spirit and purpose of the law must be considered.

The act is highly remedial, beneficent in purpose and to be liberally construed. To say that a man who has only such vision as enables him to recognize a form before him, without being able to distinguish its outlines, is not blind within the meaning of this law, is to apply to it a strict rule of construction, and defeat its evident purpose.

The District Court held that the award of the Commission on the last hearing was "unlawful and unreasonable;" that the Commission "acted without and in excess of its powers, and that the findings of fact * * do not support the award."

It was clearly within the powers of the court to determine, as a matter of law, that the award was not in accord with the findings, and, having done so, and made an award which is supported by the findings, there is no reason for disturbing the judgment. It is accordingly affirmed.

*Judgment affirmed.*

Mr. Justice Scott not participating.

Decided March 4, A. D. 1918. Rehearing denied May 6, A. D. 1918.