*In re* J. & P. Coats (R. I.) Inc. *et al.* for an Opinion.

JUNE 7, 1918.

Present:   Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Workmen's Compensation Act.   Total Disability.   Loss of Sight.*

Where a workman who had already lost the sight of one eye, became an employee, entitled to the benefits of the Workmen's Compensation Act, and subsequently suffered an injury whereby he lost the sight of the other eye, a condition of total incapacity resulted by reason of the injury, under provisions of Art. II, Section 10, of the Act, and under said section the total and irremediable loss of sight and not what brought it about is the fact which furnishes the conclusive presumption of permanent total disability.

*(2)   Workmen's Compensation Act.   Loss of Sight.   Total Disability.*

Workmen's Compensation Act, Art. II, Section 10, provides that in case of the total and irrevocable loss of sight in *both* eyes it shall be conclusively presumed that the injury resulted in permanent total disability.

*Held,* that, whether the injured employee had one or two eyes at the time of the accident was not important if in fact he had irrevocably lost all the power of vision he then possessed.

*(3)   Workmen's Compensation Act.   Loss of Sight.*

Workmen's Compensation Act, Art. II, Section 12, provides that in case of certain injuries, certain amounts shall be paid in addition to other compensation, (a) for loss of sight of both eyes, for a period of one hundred weeks; (b) for loss of sight of either eye for a period of fifty weeks:—

*Held,* that the section provided compensation for specified injuries and where an employee at the time of his employment had already lost the sight of one eye, and during the course of his employment lost the sight of the other eye, the injury resulted in the loss of the sight of *one* eye entitling him to compensation for the period of fifty weeks.

PETITION filed under Gen. Laws, 1909, cap. 289, § 20, for an opinion.

BAKER, J.   This is a petition filed under Section 20 of Chapter 289 of the General Laws of 1909 in which the petitioners represent that they have adversary interests and concur in asking for the construction of Sections 10, 11 and 12 of Article II of the Workmen's Compensation Act in so far as they are applicable to the following agreed statement of facts.   The petitioners are J. & P. Coats (R. I.) Incorporated, a corporation duly organized under the laws of this State, and Joseph Spence of Central Falls in this state.   They represent, first, that said Joseph Spence while serving in the Spanish-American War in 1898 suffered the total and irrecoverable loss of the sight in his right eye; second, that thereafter he was employed by said J. & P. Coats (R. I.) Incorporated, as a card stripper in its plant at Pawtucket, and was so employed on June 8, 1917.   On said day he met with an accident which arose out of and in the course of his said employment, as follows:  He was struck on the head by a falling ladder and suffered as a result thereof the total and irrecoverable loss of the sight of his left eye; third, that said corporation had elected to become subject to the provisions of said Workmen's Compensation Act prior to June 8, 1917, and was subject thereto on that day, and said Spence at that time had waived his right of action at common law to recover damages for said injury received in his said employment.   Said Sections 10, 11 and 12 of said act in so far as they are pertinent to the consideration of the questions hereinafter stated are as follows:

"Sec. 10.   While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to one-half his average weekly wages, earnings, or salary, but not more than ten dollars nor less than four dollars a week; and in no case shall the period covered by such compensation be greater than five hundred weeks from the date of the injury.   In the

following cases it shall, for the purposes of this section, be conclusively presumed that the injury resulted in permanent total disability, to wit:   The total and irrevocable loss of sight in both eyes."   .   .   .

"Sec. 11.   While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to one-half the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter, but not more than ten dollars a week;   and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury.

"Sec. 12.   In case of the following specified injuries the amounts named in this section shall be paid in addition to all other compensation provided for in this act:

"(a)   For the loss by severance of both hands at or above the wrist, or both feet at or above the ankle, or the loss of one hand and one foot, or the entire and irrecoverable loss of the sight of both eyes, one-half of the average weekly wages, earnings, or salary, of the injured person, but not more than ten dollars nor less than four dollars a week, for a period of one hundred weeks.

"(b)   For the loss by severance of either hand at or above the wrist, or either foot at or above the ankle, or the entire and irrevocable loss of the sight of either eye, one-half the average weekly wages, earnings, or salary of the injured person, but not more than ten dollars nor less than four dollars a week, for a period of fifty weeks."

The opinion of the court is requested upon the following questions, as to all of which the petitioners represent that they are at variance:

"(1)   Could the said injury on June 8, 1917, in which said Joseph Spence lost the sight of the left eye, result in anything more than partial incapacity for work, within the meaning of said Sections 10 and 11, in view of the fact that prior to said accident he had lost the sight of his right eye?

" (2)    If the Court should consider in answering question
(1) that it would be possible under the above facts, that total
incapacity for work should ensue from said accident within
the meaning of said Sections 10 and 11, then under Section
10 referred to is there a *conclusive presumption* that said
injury on June 8, 1917, resulted in permanent, total dis-
ability?

" (3)    If the answer to question (2) be in the negative, and
admitting that said Joseph Spence by reason of his blindness
will be unable ever again to follow his former occupation as a
card stripper, but that he is able to obtain and do work in
some other occupation, has total incapacity for work or only
partial incapacity for work resulted from said injury within
the meaning of said Sections 10 and 11?

" (4)    Under Section 12 is said Joseph Spence entitled in
addition to all other compensation provided for in said Act,
to one-half of the average weekly wages, earnings, or salary,
but not more than ten dollars not less than four dollars per
week, for *fifty* weeks or for *one hundred weeks*?"

The petitioner Spence did not appear in person at the
hearing and was unrepresented by counsel although the
papers in the case show his consent to an assignment of the
case for hearing on the day in which it was heard.    The
counsel for the corporation, while urging that a negative
reply should be made to questions 1 and 2 and that to ques-
tion 4 the answer should be that the compensation allowed
under Section 12 should be for fifty weeks and not for one
hundred weeks, in a spirit of fairness has placed in his brief
*all* pertinent decisions found by him, whether supporting his
claims or otherwise.

The employee contends that the case stated shows a
condition of total incapacity for which he is entitled to
compensation for a period of five hundred weeks.    The
corporation contends that a condition of partial incapacity,
within the meaning of the act, is shown for which compensa-
tion is limited to three hundred weeks.

This precise question has apparently been considered by the courts in only a few cases and the conclusions reached have not always been the same.

In *Branconnier's Case*, 223 Mass. 273, an employee had lost an eye in 1910 and in 1915 he lost the sight of his remaining eye by an accident arising out of and in the course of his employment. The question presented was whether there was error in refusing to rule as matter of law that the total incapacity of the employee could not be attributed to the injury of 1915. The provisions of the Massachusetts act were similar to the provisions of our own act as hereinbefore set forth. The court said: "The denial of this request was right. The employee, when he entered the service of the subscriber, had that degree of capacity which enabled him to do the work for which he was hired. That was his capacity. It was an impaired capacity as compared with the normal capacity of a healthy man in the possession of all his faculties. But nevertheless, it was the employee's capacity. It enabled him to earn the wages which he received. He became an 'employee' under the act and thereby entitled to all the benefits conferred upon those coming within that description. The act affords a fixed compensation for a limited time 'While the incapacity for work resulting from the injury is total.' St. 1911, c. 751, Part II, § 9. It establishes no other standard. It fixes no method for dividing the effect of the injury and attributing a part of it to the employment and another part to some pre-existing condition, and it gives no indication that the Legislature intended any such division. The total capacity of this employee was not so great as it would have been if he had had two sound eyes. His total capacity was thus only a part of that of the normal man. But that capacity, which was all he had, has been transformed into a total incapacity by reason of the injury. That result has come to him entirely through the injury."

In the present case we are of the opinion that a condition of total incapacity resulted to the employee from the injury

to his left eye, and we adopt the quotation from the opinion in *Branconnier's Case, supra,* as a clear and succinct statement of the grounds of our own opinion. See also *Schwab* v. *Emporium Forestry Co.,* 167 App. Div. (N. Y.) 614; *Lee* v. *William Baird & Co., Ltd.,* 45 Sc. L. R. 717 and *Duffy's Case,* 226 Mass. 131, 134.

The opposite view is presented in *Weaver* v. *Maxwell Motor Co.,* 186 Mich. 588, where the statute is apparently similar to our own. See also *Rouner* v. *Columbia Steel Co.,* 2 Cal. I. A. C. Dec. 233.

We accordingly answer question (1) in the affirmative.

We also are of the opinion that question (2) should have an affirmative reply. It is so closely akin to question (1) that the same line of reasoning is applicable. Section 10 provides that there shall be a conclusive presumption that the injury results in permanent total disability in case of "the total and irrevocable loss of sight in both eyes." It is clear that the total and irremediable loss of sight is the fact which furnishes the conclusive presumption of permanent total disability. Such loss and not what brought it about creates the conclusive presumption.

As the normal man has two eyes, and may still see if he lose one of them, it was not unnatural for one, having this fact in mind, in describing a condition of permanent total blindness, to use the words "the total and irrevocable loss of (2) sight in both eyes." But if the last three words were omitted and the expression were simply to read "the total and irrevocable loss of sight" would its essential meaning suffer change in consequence? We think not. The resulting total and permanent loss of vision must be productive of the same disability, whether the injured person before the accident had one or two eyes. In the case of the man with one eye the employer is not by this interpretation made to give him compensation for the earlier loss of the other eye, as seems to be suggested, inasmuch as the compensation to be paid is based upon the presumably fair wage paid the employee for his earning capacity at the time of the injury,

which totally deprived him of that capacity. Accordingly whether the injured employee had one or two eyes at the time of the accident cannot be of importance in determining under Section 10 whether it is to be conclusively presumed that he is totally disabled permanently, if in fact he has irrevocably lost all the power of vision he then possessed. To hold otherwise would, we think, give a narrow and restricted meaning to the expression under consideration quite inconsistent with the plain purpose of the section.

The affirmative reply to question (2) renders an answer to question (3) unnecessary.

The employee contends that under Section 12 of the Compensation Act he is entitled to additional compensation for one hundred weeks, while the corporation claims that such additional compensation should be limited to fifty weeks.

The purpose of Section 12 is plainly to provide compensation for specified injuries in addition to the compensation otherwise provided for in the act. There is and can be no question that the specified injury in this case is "the entire and irrevocable loss of the sight of" *one* eye and not of *both*, and accordingly the employee is entitled to compensation therefor for fifty weeks and not for one hundred weeks. See *Duffy's Case, supra; Morrison* v. *Fidelity & Casualty Co.*, 2 Mass. W. C. C. 594.

*Green, Hinckley & Allen,* for J. & P. Coats.
*Arthur M. Allen, Chauncey E. Wheeler,* of counsel.