No. 10,083.

THE INDUSTRIAL COMMISSION, ET AL. *v.* THE STATE INSURANCE COMPENSATION FUND, ET AL.

Decided February 6, 1922.

Proceeding under the workmen's compensation act. Award of the industrial commission set aside by the district court.

*Reversed.*

1. WORKMEN'S COMPENSATION—*Procedure—Waiver.* After original award by the industrial commission, on petition to reopen the case, of which employer and insurance carrier have notice, if they appear and participate in the further proceedings without objection, they will be deemed to have waived any question of the authority of the commission to enter an additional award.

2.    *Loss of Vision.* Where the vision of an employe, remaining after an accident arising out of and in the course of his employment, is not such as to enable him to perform his work, although he may be able to distinguish large objects and lights and shadows, he will be entitled to compensation for total disability within the meaning of the workmen's compensation act.

3.    *Blindness in One Eye, Loss of Vision of the Other.* Under the workmen's compensation act of 1915, an employe who has lost the vision of one eye, and subsequently loses the sight of the other as the result of an accident arising out of and in the course of his employment, is entitled to compensation for total permanent disability.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. ELZA C. MOWRY, for plaintiffs in error.

Mr. WALTER E. SCHWED, Mr. JACOB V. SCHAETZEL, for defendants in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

THE claimant, William Grenfell, lost the sight of his left eye by accident arising out of and in the course of his employment with The Camp Bird Mining Company. The accident occurred March 16th, 1916, and the cause is governed by the Workmen's Compensation Act of 1915. In conformity therewith, and upon an agreement between the parties approved by the Commission no hearing whatever having been had, Grenfell was awarded $832.00 for the loss only of one eye.

It appears that in 1908, while employed at another mine, Grenfell suffered an injury to the right eye, which resulted finally in a practical loss of its vision. This eye, however, was not totally useless, as claimant was able to distinguish with it large objects and lights and shadows. After the left eye was injured and after the first award had been made, by direction of the State Compensation Fund an operation was performed on the right eye, in the hope that its sight might be at least partially restored. The operation, however, was unsuccessful, and later that eye had to be removed.

The Camp Bird Company was insured in the State Compensation Fund, a department of the Industrial Commission, which paid the allowed claim for permanent partial disability in full. The last payment was made on August 7th, 1918. On September 7th next thereafter, the attorney for claimant moved to reopen the case on a claim of total disability, which motion on notice was allowed. Hearings were had on the new claim in which, without objection, all parties appeared and participated.

Findings were made and a new award entered by the Commission on March 29th, 1921, wherein it was declared that claimant was totally and permanently disabled, that such permanent and total disability arose out of and was the proximate result of the accident of March 16th, 1916, and that he was entitled to compensation at the rate of

$34.72 per month so long as he should live and total disability continue. The Commission also found that the operation upon the right eye would neither have been advised nor required had claimant not sustained the injury to his left eye; that such operation was recommended by the State Compensation Fund in the hope that claimant might thus be enabled to continue his work and earn a livelihood; and that as result thereof he became totally and permanently disabled. The operation was performed some time subsequent to the original award, and the effect thereof was of course then unknown.

On June 14th, 1920, the Camp Bird Company filed a petition with the Industrial Commission for rehearing and review, which was denied, and it then appealed to the District Court, where the award of the Industrial Commission was set aside, on the ground that the Commission was without authority to reopen the case, and Grenfell brings the record here for review.

The first question to determine is whether the Industrial Commission had power to reopen the case. The main contention of the employer, the Camp Bird Company, is that it had no such authority. It is to be noted, however, that the Commission was vested with jurisdiction of the subject matter when the first award was entered, and that the proceedings leading up to that award were in conformity with the provisions of the Workmen's Compensation Act. Upon the new claim the power and authority of the Commission over the subject matter is beyond dispute. It is manifest that the question goes merely to the remedy or method of procedure rather than to the right and authority of the Commission to adjust the claim.

It appears that notice of the filing of the new claim was given, and that at the hearings the State Compensation Fund and the Camp Bird Company had ample opportunity to object to the reopening of the case, but neither saw fit to do so. Instead, both appeared and actively participated in such rehearings. Testimony was taken touching facts,

circumstances and conditions, and involving questions of law never previously considered. It was, to all intents and purposes a hearing *de novo*. The objections now urged were not raised until upon application for rehearing after the entry of the second award. Under these circumstances the defendants in error cannot be heard to question the power and authority of the Commission to reopen the case, take further testimony and enter the award of which complaint is made. These being mere questions of remedy or procedure could be, and were, waived. Had proper and timely objection been made to the Commission against reopening the case, and had the objectors thereafter declined to participate in such hearings, a totally different question would have been presented, one which under the circumstances we are not now called upon to, and which we do not determine.

The remaining question is whether claimant became totally and permanently blind by the accident at the Camp Bird mine when, as matter of fact, he was practically sightless in the right eye prior to such employment. There is nothing in our compensation statute requiring employees to be physically perfect in order to come within its provisions. Claimant, for practical purposes, was blind in one eye when he entered the service of the Camp Bird Company. This, however, did not prevent him from doing the work which he was employed to. His wages were the same as his fellow employees with perfect vision; the Camp Bird Company paid the same compensation insurance premium for him as for workmen with normal sight; no penalty whatsoever attached to him because he was practically sightless in one eye. When he lost the sight of his remaining eye in an accident arising out of and in the course of his employment we are of opinion that he became totally and permanently disabled within the meaning of our compensation act.

While it is true that before the operation upon his his right eye, performed with a view of improving the vision thereof, claimant was able to distinguish large ob-

jects and lights and shadows, it nevertheless was not such vision as would at all enable him to perform the work required. In *Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422, this court had before it a claimant who had lost all but one-eleventh of vision in one eye. He sought compensation for total partial disability and the Commission awarded him such compensation as the proportionate diminution bore to actual blindness. Claimant took an appeal to the District Court, where the award was reversed, and claimant given compensation as for total blindness. In reviewing and affirming this judgment this court said, at page 463:

"It clearly appears from the record that the Commission was of the opinion that the amount of compensation is to be determined by ascertaining how much an injury contributes to a disability. That is, it is assumed that if a claimant was partially disabled prior to the injury which forms the basis of his claim, and because of the injury he be found totally disabled, he is not to receive the compensation fixed for disability, because it was not all due to the injury. To illustrate: If claimant before the injury had only one-half of normal vision, and lost one-half of that, he would be entitled to one-quarter of the compensation allowed for total blindness. It is hardly necessary to say that such is not a correct construction of the law.

\*   \*   \*

"Whether or not a condition found to exist amounts to total blindness, as used in this statute, is a question of law, in deciding which the spirit and purpose of the law must be considered.

"The act is highly remedial, beneficent in purpose and to be liberally construed. To say that a man who has only such vision as enables him to recognize a form before him, without being able to distinguish its outlines, is not blind within the meaning of this law, is to apply to it a strict rule of construction, and defeat its evident purpose."

See also *Employers Mutual Ins. Co. v. Industrial Commission,* 70 Colo. 228, 199 Pac. 482.

In *Branconnier's Case*, 223 Mass. 273, 111 N. E. 792, the claimant lost one of his eyes five years prior to an injury received in the course of his employment, by which the sight of his remaining eye was destroyed. The question was whether as matter of law the loss of his remaining eye in the later accident was the cause of total disability. The court said:

"The employee, when he entered the service of the subscriber, had that degree of capacity which enabled him to do the work for which he was hired. That was his capacity. It was an impaired capacity as compared with the normal capacity of a healthy man in the possession of all his faculties. But nevertheless, it was the employee's capacity. It enabled him to earn the wages which he received. * * * The total capacity of this employee was not so great as it would have been if he had had two sound eyes. His total capacity was thus only a part of that of the normal man. But that capacity, which was all he had, has been transformed into a total incapacity by reason of the injury. That result has come to him entirely through the injury."

We are aware that the principle laid down in the opinion above cited, and here approved, is not followed in all jurisdictions, and that there are cases holding to the contrary. In view, however, of the liberal construction of the Workmen's Compensation Act adopted by this court, and carefully bearing in mind the evident purpose and intent of the Act, which is held to be highly remedial and beneficent in its nature, we are constrained to uphold the award of the Industrial Commission here in question.

The judgment of the District Court is therefore reversed and the cause remanded with directions to enter an order affirming the award of March 29th, 1920, which award might well have been made originally, had all of the facts then in existence been before the Commission for consideration and action, instead of the agreement of the parties.

Judgment reversed and cause remanded with directions.