No. 10,965.

LONDON GUARANTEE & ACCIDENT CO. ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided July 7, 1924.    Rehearing Denied November 10, 1924.

Proceeding under the workmen's compensation act. Judgment for claimant.

*Reversed.*

1. STATUTES—*Construction.* Where the language will permit, a statute should be so construed as to conform to the natural reason, intent and spirit of the act.

2. WORKMEN'S COMPENSATION—*Loss of Eye.* Under the provisions of the workmen's compensation act of 1923, an employe who suffers enucleation of a sightless eye, is entitled to permanent disability compensation only for the facial disfigurement caused thereby.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, for plaintiffs in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. J. P. O'CONNELL, Assistant, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ONE Tucker, by an accident arising out of and in the course of his employment, suffered enucleation (total loss) of the eyeball of a blind eye. The Industrial Commission awarded him compensation as if the eye had had sight, 139 weeks. The district court affirmed the award. Whether this was right is the only question before us. We think it is not.

The statute, section 73 of the Workmen's Compensation Act, S. L. 1923, page 740, provides that "the injured employee shall, in addition to compensation to be paid for temporary disability, receive compensation for the period as specified, to-wit:   *   *   *

The loss of an eye by enucleation (including disfigurement resulting therefrom) 139 weeks; Total blindness of one eye, 104 weeks."

By sec. 75, C. L. § 4449, the commission may allow not exceeding $500 for facial disfigurement.

It is clear both from these contexts and from the natural reason of the matter that the intent and spirit of the statute is, in case of enucleation, to compensate for the loss of both sight and disfigurement and it should be so construed, notwithstanding its letter justifies the construction given below. *Aggers v. People,* 20 Colo. 348, 38 Pac. 386. The judgment makes the statute give more for the loss of a blind eye than of the sight of a good one.

Judgment reversed with directions to the district court to set aside the award of 139 weeks for enucleation and to order the commission to make an award for disfigurement if it deems it proper to do so.

MR. CHIEF JUSTICE TELLER not participating.