### KILLISNOO PACKING CO. v. SCOTT.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1926.)

No. 4758.

**1. Master and servant ⊜385(11¼).**

Under Employers' Liability Law Alaska, employé who lost eye in course of employment, having previously lost sight of his other eye, *held* entitled to recover as for total disability.

**2. Appeal and error ⊜273(5).**

General exception to instruction covering several propositions of law does not bring before appellate court question of whether lower court erred in stating one of issues.

**3. Appeal and error ⊜274(5).**

In action under Employers' Liability Law Alaska, general exception to instruction that person who has lost one eye and loses remaining eye is totally disabled does not raise question of whether answer admitted eye was lost in course of employment.

In Error to the District Court of the United States for the Territory of Alaska, Division No. 1; Thomas M. Reed, Judge.

Action by Thomas D. Scott against the Killisnoo Packing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. L. Faulkner, of Juneau, Alaska, for plaintiff in error.

Henry Roden, of Juneau, Alaska, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. In an action brought under the Employers' Liability Law of Alaska (Laws 1923, c. 98), the question arose whether the plaintiff, who had lost the

sight of his left eye in an accident arising out of and in the course of his employment, could recover as for a total disability, he having many years before lost the sight of the other eye. The proof was that he was capable of performing and did perform for his employer the same services and earned the same wages as employés who had the use of both eyes. The court below instructed the jury that, if they found that the plaintiff lost an eye in the course of his employment, having previously lost the sight of his other eye, it would be their duty to find that he was totally and permanently disabled, and return a verdict in accordance therewith. The jury so found, and judgment was rendered as for total and permanent disability.

The plaintiff in error assigns error to that instruction and to the refusal of the court to instruct that the plaintiff could recover no more than the sum provided for the total and permanent loss of one eye, and it contends that recovery could be had only for the damages fixed by the act for the loss of an eye, which was $1,872, and not the damages fixed for total disability, which was $4,680. We think the instruction given by the court was justified, in view of the language and the purpose of the act, and the construction which similar acts have generally received at the hands of other courts. The Alaska Workmen's Act is not essentially different from the Compensation Act of Massachusetts (St. 1911, c. 751). In construing that act in the leading case of In re Branconnier, 223 Mass. 273, 111 N. E. 792, it was said the act "fixes no method for dividing the effect of the injury and attributing a part of it to the employment and another part to some pre-existing condition, and it gives no indication that the Legislature intended any such division. The total capacity of this employé was not so great as it would have been if he had had two sound eyes. His total capacity was thus only a part of that of the normal man. But that capacity, which was all he had, has been transformed into a total incapacity by reason of the injury. That result has come to him entirely through the injury." A similar view of a similar statute was expressed in Combination Rubber Mfg. Co. v. Court of Common Pleas, 96 N. J. Law, 544, 115 A. 138, in which the Court of Errors and Appeals of New Jersey held that, where a workman, having already lost one eye at the time of entering into a new employment, sustained an accident which caused the loss of his remaining eye and rendered him totally blind, an award as for total and permanent disability was justified. The

same has been held in Rhode Island, Connecticut, Illinois, and Colorado. In re J. & P. Coats (R. I.) Inc., 41 R. I. 289, 103 A. 833; Fair v. Hartford Rubber Works Co., 95 Conn. 350, 111 A. 193; Heaps v. Industrial Commission, 303 Ill. 443, 135 N. E. 742; Industrial Commission v. State Ins. Compensation Fund, 71 Colo. 106, 203 P. 215.

[1] The plaintiff in error contends that, under the statute of Alaska, compensation for total incapacity is based upon the fact that the total incapacity results alone from the injury itself, and that here the total incapacity for work results, not alone from the injury, but from the injury plus the loss of an eye, which occurred twenty-five years ago. We think the act should receive a fair and liberal construction in consonance with its purposes, and that, in providing a fixed compensation for the loss of an eye, the Legislature had in mind a situation in which the other eye would still be available. Here was a man possessed of but one eye. He was able to work as other men work. His vision was sufficient for all practical purposes. By accident he lost the use of his eye and thereby became totally and permanently disabled. We cannot agree that a distinction is to be made between the Massachusetts act and the act here in question, in that the former provides compensation for a "total incapacity for work" and the latter provides for a "total disability arising out of the injury." Construing the Massachusetts act, the court, in the Branconnier Case said: "An employé, who, before entering the service, had lost one eye, and who thereafter, from an injury in the course of employment, lost the sight of his remaining eye, was entitled to compensation for a 'total incapacity for work,' as such result came to him through the injury."

Nor are we able to accept as applicable to this case the reasoning in Lente v. Luci, 275 Pa. 217, 119 A. 132, 24 A. L. R. 1462, where the court held that to compensate one as for a total disability through the loss of one eye would be to give him a preference over his neighbor who might have lost both eyes in the same accident, or the reasoning in Weaver v. Maxwell Motor Co., 186 Mich. 588, 152 N. W. 993, L. R. A. 1916B, 1276, Ann. Cas. 1917E, 238, that the loss of the second eye, standing by itself, is a partial disability, and of itself does not occasion total disability, or the ruling in Jennings v. Mason City Sewer Pipe Co., 187 Iowa, 967, 174 N. W. 785, that, where the loss of an only remaining eye produces total disability the plaintiff should be deemed to have already

received the compensation rate for the loss of the first eye.

[2, 3] In instructing the jury, the court said: "In this case a peculiar condition arises. It is alleged in the complaint, and admitted in the answer, that the plaintiff was totally blind in one eye prior to the time of his employment by the defendant, and that, during the course of his employment, by reason of the accident set forth, he lost his other eye, thus rendering him totally and permanently disabled. I instruct you that under the law mentioned, as I construe it, if a person has lost one of his eyes and in the course of his employment loses the remaining eye, he becomes totally and permanently disabled. * * *" And the court proceeded in the instruction to tell the jury that, if they found such to be the fact, it would be their duty to render a verdict for total and permanent disability. The instruction was excepted to, but no ground of exception was specified. It is now asserted in this court that the instruction was erroneous, for the reason that it was not true that the answer admitted that the plaintiff lost his eye in the course of his employment. A general exception to an instruction covering several propositions of law is of no avail to bring before an appellate court the question whether the court below, in charging the jury, erred in stating one of the issues in the case.

The judgment is affirmed.