No. 14,158.

PLATT-ROGERS, INC. ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(74 P. [2d] 673)

Decided November 22, 1937. Rehearing denied December 13, 1937.

Mr. EDGAR McCOMB, Mr. MARK H. HARRINGTON, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. BENJAMIN R. KOBEY, Mr. NATHAN R. KOBEY, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case arises under the Workmen's Compensation Act and involves a district court judgment sustaining a compensation award which the Industrial Commission had made in favor of John Elder, an employee of Platt-Rogers, Inc. The employer and its insurance carrier ask for review and reversal.

A single issue is presented for our consideration, the assignment of error being as follows: ''The plaintiffs in error do hereby allege and assign that the Industrial Commission of Colorado and the District Court of the City and County of Denver erred in finding that John Elder * * * was totally industrially blind, for the reason that both * * * erred in law in that they failed to determine the vision of the said John Elder with the correction obtainable by the use of glasses, but instead based their respective decisions as to the extent of disability on uncorrected vision.''

It is earnestly argued that the evidence failed to bring the case within the following section, numbered 76 in the act ('35 C. S. A., c. 97, § 355 [vol. 3]), under which the commission purported to act: ''* * * If the em-

ployee has previously lost vision of one eye and loses the vision of the remaining eye, he shall receive compensation for 312 weeks. * * *'' The contention is that the commission ought to have proceeded instead under section 73 of the act ('35 C. S. A., c. 97, § 352 [vol. 3]), which reads thus: ''In case an injury results in a loss set forth in the following schedule, the injured employee shall, in addition to compensation to be paid for tempo-. rary disability, receive compensation for the period as specified, to-wit: * * * Total Blindness of one eye .... 104 weeks * * * (f) Where an injury causes the loss of use or partial loss of use of any member or members specified in the foregoing schedule, the commission may determine the disability suffered and the amount of compensation to be awarded, by awarding compensation which shall bear such relation to the amount stated in the above schedule for the loss of a member or members as the disabilities bear to the loss produced by the injuries named in the schedule and such amount shall be in addition to compensation for temporary disability, or the commission may award compensation under the permanent partial disability section of this statute as the commission in its discretion may determine from the particular facts in each case.''

■ Counsel for the plaintiffs in error, in a commendable effort to eliminate uncontroverted matters, expressly admit that under the principle laid down by us in *Employers' Mutual Insurance Co. v. Industrial Commission,* 70 Colo. 228, 199 Pac. 482, ''the fact that an employee may have remaining 5% or 8% or possibly even 10% of the vision in an injured eye does not preclude a finding of total loss of vision in that eye.'' The ground on which we there arrived at our decision was the fact that ''the amount of vision now remaining [10%] is of no value from a working standpoint.''

■ Counsel are undoubtedly right in saying that section 76 of the act does not apply but section 73 does if,

either in the injured eye or in the eye not injured by the industrial accident, there should be anything short of a total loss of vision. Here, however, comes the controversy between employer and employee, because the plaintiffs in error strongly insist that the vision must be measured with the aid of corrective glasses, while the defendants in error strenuously oppose this view.

We do not say that there might not be a state of facts which would make such correction an important factor in determining the question whether under such state of facts the reduction of loss by the use of glasses is sufficient to remove a case out of the class of total industrial loss. But it would not be in consonance with the declared liberal nature of our Workmen's Compensation Act for us to indulge in a presumption that, without more, the corrective glasses would render the employee partially efficient as an industrial worker when without corrective glasses there would be a total industrial loss. To reverse the judgment in this case would improperly create such a presumption; for we search the present record in vain for substantial evidence tending to show that the aforesaid correction would in any appreciable degree enhance the working power of the particular employee beyond what it is without the correction.

It is true that the case of *Kelley v. Prouty*, 54 Ida. 225, 30 P. (2d) 769, seems to hold the contrary by deciding that in calculating the amount of vision the improvement by the use of corrective glasses must be taken into account. Nevertheless, it will be observed that there the record contained evidence directly bearing upon the connection between such improvement, on the one hand, and on the other hand the particular work done or capable of being done by the claimant and the specific effect of corrective glasses in connection therewith. Such evidence does not appear here.

Moreover, there seem to be two lines of author-

ity, one of which is represented by the Idaho case just cited, the other by the case of *Masoner v. Wilson & Co.*, 141 Kan. 882, 44 P. (2d) 265, which latter favors the view that the amount of vision should be calculated irrespective of what it would scientifically be rated by applying corrective glasses. This case expressly criticizes the Idaho opinion, which itself overruled or explained away the supposedly contrary holding in a previous decision of the same court, *McDonald v. State Treasurer*, 52 Ida. 535, 16 P. (2d) 988. Whether the two views can be reconciled, or whether a sounder view lies somewhere between the two, we need not now decide. What we do decide is that the record before us is not sufficient to require the rejection of the commission's conclusion, drawn from the evidence before it, that the employee Elder is industrially blind in the injured right eye, and that he had a total loss of vision in the left eye before the accident, within the reasonable meaning of section 76 of our Workmen's Compensation Act. There was an adequate amount of substantial evidence before the commission to sustain its award, and the district court was right in approving it.

Judgment affirmed.