No. 15,046.

DOWNS *v.* INDUSTRIAL COMMISSION ET AL.
(121 P. [2d] 489)

Decided January 12, 1942.

Messrs. FOARD BROTHERS, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. HENRY L. STARK, Assistant,
Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for de-
fendants in error.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

UPON proceedings under the Workmen's Compensation
Act, the Industrial Commission made and entered the
following findings and orders:

"Claimant sustained an injury to his left eye in an
accident arising out of and in the course of his employ-
ment on February 19, 1941, which necessitated enuclea-
tion. When a boy of four years of age, claimant injured
the same eye with a knife which rendered it industrially
blind. He was temporarily and totally disabled until
March 10, 1941. His permanent partial disability con-
sists of enucleation of his blind left eye. His average
weekly wage was $12.00.

"It is, Therefore, Ordered: That respondents pay com-
pensation to the claimant at the rate of $6.00 per week
from March 2, 1941, to March 9, 1941, inclusive, for and
on account of temporary total disability; thereafter, at
that same rate for an additional 35 weeks for and on
account of the enucleation of the left eye.

"Further Ordered: That respondents pay for the
necessary medical, surgical and hospital expense in-
curred within four months, but not to exceed the sum
of $500.00 in value."

This award was affirmed by the trial court. Claimant
is here seeking reversal. The facts, undisputed, are
briefly as follows:

W. E. Downs, plaintiff in error, to whom we will here-
inafter refer as claimant, was employed by D. W. Harris
& Sons Auto Wrecking and Rubber Company, one of de-

fendants in error; that in the course of his employment and on February 19, 1941, while he was loading scrap iron onto a truck, a fellow employee accidentally threw a forkful into claimant's face, causing injuries which required the enucleation of the left eye on the same day; that when he was a boy four years of age, claimant injured the same eye with a knife, seriously impairing the sight thereof; that at the time of the accident here under consideration he had sufficient vision in his left eye to distinguish objects, such as an automobile or a tree, and was able to avoid coming into contact with such objects; that he "could see a person," but was doubtful whether he could identify who the person was; that he thought he could find his way about the streets without using his good eye.

The statutory provision upon which claimant relies for his compensation is found in section 352, chapter 97, '35 C.S.A., and reads as follows: "In case an injury results in a loss set forth in the following schedule, the injured employee shall, in addition to compensation to be paid for temporary disability, receive compensation for the period as specified, to wit: * * * The loss of an eye by enucleation (including disfigurement resulting therefrom) 139 weeks. Total blindness of one eye 104 weeks."

Upon the theory that the enucleated eye was "industrially blind" prior to the accident, the commission deducted 104 weeks allowed for "total blindness of one eye" from the allowance for "the loss of an eye by enucleation" of 139 weeks, awarding to claimant the difference, namely, 35 weeks, "for and on account of the enucleation of the left eye." These findings and award counsel for defendants in error seek to sustain upon the authority of *London Guarantee & Accident Co. v. Industrial Commission*, 76 Colo. 155, 230 Pac. 598. In that case the commission found the employee "was blind in the right eye, and had been blind in that eye since 1902," and this was not disputed; therefore, the case is

not in point here. In the instant case the commission found that prior to the enucleation the eye involved was "industrially blind." No such phraseology is found in section 352, supra, the language being "total blindness." To translate this phrase into "industrial blindness" would, in our opinion, be the usurpation of legislative functions. Our interpretation of this phrase in the London Guarantee & Accident Company case exhausted the limits of judicial construction. The undisputed facts in the instant case clearly disclose that there was no "total blindness" of the injured eye prior to the accident.

Counsel for defendants in error assert, in effect, that we have, in the following cases, held the phrases "total blindness," and "industrial blindness," to be synonymous: *Employers' Mutual Insurance Co. v. Industrial Commission,* 70 Colo. 228, 199 Pac. 482; *Industrial Commission v. State Fund,* 71 Colo. 106, 203 Pac. 215; *Platt-Rogers, Inc. v. Industrial Commission,* 101 Colo. 458, 74 P. (2d) 673. In all of these cases the commission rightly gives the required liberal construction to the phrase "total blindness" in allowing compensation. *Skjoldahl v. Industrial Commission,* 108 Colo. 140, 113 P. (2d) 871. In the present case we are confronted with a denial of compensation for "total blindness" by a substitution of "industrial blindness" therefor. This, as already stated, would, under the circumstances, amount to judicial legislation, which is not permissible.

In *Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422, we held that what was practically a complete loss of vision of an eye, the sight of which had previously been impaired, entitled the claimant to full compensation. In that case the employee, according to the findings of the commission, had lost ten-elevenths of his normal vision before the accident; that because of the accident he lost a portion of the remaining one-eleventh of the sight of the eye and was awarded compensation for this fractional portion. In an action instituted by claimant, the district court determined that

claimant's disability amounted to total blindness, and ordered an award on that basis. We affirmed the judgment. The law laid down in the Johnson case is supported by the great weight of authority: *Thompson-Starrett Co. v. Ferguson*, 43 O. App. 169, 183 N.E. 47; *Hobertis v. Columbia Shirt Co., Inc.*, 186 N.Y. App. Div. 397; *Justice v. Arkansas City Flour Mills Co.*, 147 Kan. 402, 76 P. (2d) 802; *Hamilton v. P. E. Johnson & Sons*, 224 Ia. 1097, 276 N.W. 841; *Purchase v. Grand Rapids Refrigerator Co.*, 194 Mich. 103, 160 N.W. 391; *Cunya v. Vance*, 100 Ind. App. 687, 197 N.E. 737; *Hessley v. Minneapolis Steel Construction Co.*, 156 Minn. 405, 195 N.W. 274. All that we determine in the instant case is that the evidence before us discloses that claimant had not lost complete vision of his left eye prior to the accident and was not totally blind or sightless as to that eye within the meaning of section 352, supra, and that the loss of sight did not become total until after the enucleation.

If the facts before us were such as to show that compensation for "total blindness" for 104 weeks had previously been awarded to claimant for a so-called "industrially blind" eye, and thereafter enucleation occurred, our answer to the problem might be different; however, that situation is not present, and we are not called upon to determine that question.

The judgment is reversed and the case remanded, with directions to the district court to return the case to the Industrial Commission with instructions to enter an award in favor of claimant in conformity with the views herein expressed.

Mr. Justice Bakke dissents.

Mr. Justice Jackson not participating.