No. 20,065.

Evelyn Gugas *v.*
Industrial Commission of Colorado, et al.
(374 P. [2d] 702)

Decided September 24, 1962.

Mr. D. Monte Pascoe, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

Mr. Darwin D. Coit, Mr. John W. Walberg, for defendant in error Wright and McGill Company and Globe Indemnity Company.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This cause is here on writ of error directed to a judgment of the district court of the City and County of Denver which upheld denial of a claim for workmen's compensation made by claimant Evelyn Gugas. Her claim, filed July 20, 1960, asserted that the date of the accident for which benefits were claimed, occurred on February 12, 1960, and both in her claim and in the testimony offered to establish it, she particularly identified the event asserted as the "accident" arising out of and in the course of her employment, as occurring on that date.

The facts relating to the event thus specified are briefly as follows: February 12, 1960, claimant was instructed by one of her employer's representatives to clean out an icebox provided by the employer for its employees' convenience. As claimant was performing this task she extended her right arm into the interior of the icebox and turned her arm in such fashion as to rotate her hand from a palm-up to a palm-down position. At this time she experienced extreme pain along her right arm and shoulder and into the thoracic region of her back. On March 16, 1960, she was forced to stop work and seek medical assistance. Medical examinations were had and treatment administered to relieve her condition.

At the hearing before a referee, medical reports and testimony concerning an accident which claimant ex-

534

perienced on March 4, 1958, were received in evidence over the employer's objection. At the conclusion of the hearing the referee made findings in accord with the above recital and denied the claim on the ground that the incident of February 12, 1960, was an outgrowth of the earlier accident suffered by her on March 4, 1958.

Counsel for claimant urges that notwithstanding claimant specifically relied upon the event which occurred February 12, 1960, as being the "accident" giving rise to her claim, the Industrial Commission should award compensation for the injury allegedly sustained by claimant two years earlier for which no claim for benefits had been made.

It is contended that the February 12, 1960, incident (the "accident" relied on by claimant) was the event which brought to light the fact that there had been a "compensable injury" sustained by her in an accident occurring in March, 1958. If so, then claimant should have identified the 1958 event as the "accident" upon which she relied. No mention of any such accident appears in her claim. The circumstances surrounding that event appeared for the first time in the evidence presented at the hearing held in connection with the claim based upon the alleged "accident" of February 12, 1960.

■ We know of no authority holding that a claimant may assert a claim for workmen's compensation based exclusively on an event allegedly occurring at a particular time and place, and, upon failure to prove a compensable injury, be awarded compensation for an accident which occurred two years prior to the event on which the claim is based, and which occurred at a different place and under wholly different circumstances.

The judgment is affirmed.

MR. JUSTICE SUTTON dissents.

MR. JUSTICE SUTTON dissenting:

I cannot ignore the fact that the record discloses this

claimant began her employment with Wright and McGill in good health and that today, due to two separate but related accidents both of which arose out of and occurred while so employed, she is disabled.

It is true that the Gugas claim recited an accident which occurred February 12, 1960, which the referee found was not of itself sufficient to have caused the injury complained of. It is also true, however, that it was on February 12, 1960, that she first experienced the disabling effect of the prior accident. In order to determine why this was so, in view of the finding that the 1960 incident alone could not have caused her disability, it was necessary to hear evidence as to claimant's prior condition. It was then proper to hear evidence and consider claimant's disabling accident of March 4, 1958, which had been properly reported to this same employer. Thus it was shown that the 1960 incident activated the 1958 injury and the referee so found.

When two events which give rise to a Workmen's Compensation claim are as interrelated and inseparable (i.e., the one as cause and the other effect) as these two, I believe that a claim filed with respect to the one that precipitated the actual disability is sufficient. The how and why of the disability that developed as a result in such case is a matter of evidence. The fact that the evidence discloses a prior accident which was non-disabling when it occurred, should not bar a claim for the second accident which resulted in disability relating back to the first accident, *the ultimate effect being due to the two events.*

I believe it was error for the referee to conclude that claimant was barred under C.R.S. '53, 81-13-5 (2) because she assertedly failed to file a claim on the first accident within two years after the 1958 accident. If so, it was error for the Commission and the trial court to affirm his conclusion. In any event, under facts such as shown here, the claimant comes within the five year statute of limitations (C.R.S. '53, 81-13-6) even if required by the majority opinion to begin her action over again. It is

clear that any such subsequent action would be between this claimant on one side and the same employer and the same insurance carrier on the other, and, would involve the same evidence; thus I see no valid reason to refuse to decide the principal issue here and now.

As previously stated, but for both accidents, there would have been no disabling injury. The second accident was the precipitating cause, thus I believe that claimant's right of action did not arise until February 12, 1960. To contend otherwise could mean that the period of limitation would commence to run before a claim could mature (See 2 *Larson, Workmen's Compensation Law* (1952) §78.42 (b) and when it did mature it would already have been barred. This incongruous result is neither legal nor logical.

As I understand the majority opinion it is asserted that the compensable accident occurred in 1958; that the 1960 precipitating incident should be ignored, and that claimant should have based her claim upon the former instead of upon the aggravating incident of 1960 in order to have a valid claim. For the reasons stated above I do not agree.

A final word about C.R.S. '53, 81-13-5 (2) and 81-13-6. A review of these sections reveals that the legislature was aware of the difference between the date of an "accident" and the date of an "injury." For instance, C.R.S. '53, 81-13-6 expressly stated that "* * * any disability beginning more than five years after the date of *accident* shall be conclusively presumed not to be due to the accident." (Emphasis supplied.) In 81-13-5 (2) the statute recites "* * * The right to compensation and benefits * * * shall be barred unless within one year after the *injury*, * * *, a notice * * *. (Emphasis supplied.) Thus *"injury"* as used in 81-13-5 (2) must mean an accident with a disabling injury. A substantial number of other jurisdictions construe this to mean the date when the claimant as a reasonable person should recognize the probable compensable character of the injury. *Larson,*

supra, §78.41-78.42 (a). As to the terms "accident" and "injury" not necessarily being synonymous see: *Schneider 4, "Workmen's Compensation Text,"* Perm. Ed. 1945, §1240 (b) at page 386.

This claimant's disabling injury having occurred on February 12, 1960, she was in apt time with her claim and it was error to hold otherwise. I would apply the well known rule that Workmen's Compensation Laws are to be liberally construed (see the numerous pronouncements to that effect from *Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422 (1918) to *University of Denver v. Industrial Commission,* 138 Colo. 505, 355 P. (2d) 292 (1959) and reverse and remand the case with directions to the Commission to take evidence to determine the degree and duration of claimant's disability.