Mr. Justice Sutton
dissenting:
I cannot ignore the fact that the record discloses this *535 claimant began her employment with Wright and McGill in good health and that today, due to two separate but related accidents both of which arose out of and occurred while so employed, she is disabled.
It is true that the Gugas claim recited an accident which occurred February 12, 1960, which the referee found was not of itself sufficient to have caused the injury complained of. It is also true, however, that it was on February 12, 1960, that she first experienced the disabling effect of the prior accident. In order to determine why this was so, in view of the finding that the 1960 incident alone could not have caused her disability, it was necessary to hear evidence as to claimant’s prior condition. It was then proper to hear evidence and consider claimant’s disabling accident of March 4, 1958, which had been properly reported to this same employer. Thus it was shown that the 1960 incident activated the 1958 injury and the referee so found.
When two events which give rise to a Workmen’s Compensation claim are as interrelated and inseparable (i.e., the one as cause and the other effect) as these two, I believe that a claim filed with respect to the one that precipitated the actual disability is sufficient. The how and why of the disability that developed as a result in such case is a matter of evidence. The fact that the evidence discloses a prior accident which was non-disabling when it occurred, should not bar a claim for the second accident which resulted in disability relating back to the first accident, the ultimate effect being due to the two events.
I believe it was error for the referee to conclude that claimant was barred under C.R.S. ’53, 81-13-5 (2) because she assertedly failed to file a claim on the first accident within two years after the 1958 accident. If so, it was error for the Commission and the trial court to affirm his conclusion. In any event, under facts such as shown here, the claimant comes within the five year statute of limitations (C.R.S. ’53, 81-13-6) even if required by the majority opinion to begin her action over again. It is *536 clear that any such subsequent action would be between this claimant on one side and the same employer and the same insurance carrier on the other, and, would involve the same evidence; thus I see no valid reason to refuse to decide the principal issue here and now.
As previously stated, but for both accidents, there would have been no disabling injury. The second accident was the precipitating cause, thus I believe that claimant’s right of action did not arise until February 12, 1960. To contend otherwise could mean that the period of limitation would commence to run before a claim could mature (See 2 Larson, Workmen’s Compensation Law (1952) §78.42 (b) and when it did mature it would already have been barred. This incongruous result is neither legal nor logical.'
As I understand the majority opinion it is asserted that the compensable accident occurred in 1958; that the 1960 precipitating incident should be ignored, and that claimant should have based her claim upon the former instead of upon the aggravating incident of 1960 in order to have a valid claim. For the reasons stated above I do not agree.
A final word about C.R.S. ’53, 81-13-5 (2) and 81-13-6. A review of these sections reveals that the legislature was aware of the difference between the date of an “accident” and the date of an “injury.” For instance, C.R.S. .’53, 81-13-6 expressly stated that “* * * any disability beginning more than five years after the date of accident shall be conclusively presumed not to be due to the accident.” (Emphasis supplied.) In 81-13-5 (2) the statute recites “* * * The right to compensation and benefits * * * shall be barred unless within one year after the injury, * * *, a notice * * *. (Emphasis supplied.) Thus “injury” as used in 81-13-5 (2) must mean an accident with a disabling injury. A substantial number of other jurisdictions construe this to mean the date- when the claimant as a reasonable person should recognize the probable compensable character of the injury. Larson, *537 supra, §78.41-78.42 (a). As to the terms “accident” and “injury” not necessarily being synonymous see: Schneider 4, “Workmen’s Compensation Text ” Perm. Ed. 1945, §1240 (b) at page 386.
This claimant’s disabling injury having occurred on February 12, 1960, she was in apt time with her claim and it was error to hold otherwise. I would apply the well known rule that Workmen’s Compensation Laws are to be liberally construed (see the numerous pronouncements to that effect from Industrial Commission v. Johnson, 64 Colo. 461, 172 Pac. 422 (1918) to University of Denver v. Industrial Commission, 138 Colo. 505, 355 P. (2d) 292 (1959) and reverse and remand the case with directions to the Commission to take evidence to determine the degree and duration of claimant’s disability.