No. 20,619.

ROGERS, INC., AND STATE COMPENSATION INSURANCE FUND
v. PHILLIP FISHMAN AND INDUSTRIAL COMMISSION
OF COLORADO.
(388 P. [2d] 755)

Decided January 27, 1964.

Mr. HAROLD CLARK THOMPSON, Mr. ALIOUS ROCKETT, Mr. FRANCIS L. BURY, for plaintiffs in error.

Mr. M. S. GINSBERG, for defendant in error Phillip Fishman.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.

Hickey, Deputy, Mr. Peter L. Dye, for defendant in error The Industrial Commission of Colorado.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This writ of error is from a judgment of the District Court of the City and County of Denver affirming an award of the Industrial Commission of Colorado. The parties will be referred to as follows: plaintiffs in error, Rogers, Inc., and the State Compensation Insurance Fund, will be designated respectively as employer and insurance carrier; defendant in error, Fishman, will be designated by name, and the Industrial Commission of Colorado will be referred to as the Commission. The sole issue before us, which is one of first impression in Colorado, is: Is the loss of corrected vision compensable? The referee held it was not, the Commission and the trial court held it was. The Commission in so finding awarded Fishman Workmen's Compensation benefits of 104 weeks —the full award for total blindness of one eye.

The record discloses that Fishman had uncorrected vision of 20/800 in his left eye due to a cataract which was corrected by an operation to 20/20 normal vision with use of glasses before he suffered the accident in question during the course of his employment. As a direct result of the injury he suffered a partially detached retina and lost all corrected vision of his eye resulting in total blindness therein, except for slight peripheral vision. It further appears that Fishman's uncorrected vision prior to the accident was practically the same in the injured eye as that which he had after the accident. Fortunately, after the accident he was able to have a cataract removed from his right eye which enabled him to regain 20/20 vision in that eye only.

It is urged by the employer and insurance carrier that since Fishman was "industrially blind" in both his eyes

before and after the accident his condition was not changed by the accident. This theory is based upon the contention that "Since the employer is required to pay for the uncorrected loss without credit for correction (in other cases), he should not be charged for a corrected loss." Cases such as *Jewell Collieries Corp. v. Kenda,* 110 Colo. 394, 134 P. (2d) 206 (1943) and *Great American Indemnity Co. v. Industrial Commission,* 114 Colo. 91, 162 P. (2d) 413 (1945), for example, are cited by the employer and insurance carrier in this regard. The question in those cases was, if the accident induced defective vision could be aided by artificial correction, whether the employers shouldn't be credited, as it were, with that degree of improvement. It was very properly held that they should not, the court saying that such awards should be made on an uncorrected basis. The reason for this is set out in *Jewell Collieries Corp.* as follows: "* * * to compensate for the handicap the injured is compensated on a basis of uncorrected vision." The instant case is just not that kind of a case as the brief factual recitation has heretofore demonstrated.

C.R.S. '53, 81-12-4 states in pertinent part:

"In case an injury results in a loss set forth in the following schedule, the injured employee, in addition to compensation to be paid for temporary disability, shall receive compensation for the period as specified:

* * *

"Total blindness of one eye 104 weeks."

■ Obviously the statute itself does not require that loss of vision resulting in total blindness of an eye shall be uncorrected vision only, as alleged. Nor should we fasten such a limitation upon it by interpretation in view of the rule that our Workmen's Compensation Act is to be liberally construed. *Industrial Commission v. Johnson* 64 Colo. 461, 172 Pac. 422 (1918). The same rule of liberality has already been applied by this court in a total blindness case. See: *Downs v. Industrial Commission,* 109 Colo. 12, 15, 121 P. (2d) 489, 490 (1942).

█ Here the undisputed facts show that Fishman could see in the injured eye before his accident (albeit with the aid of glasses) and that he could not see after the accident either with or without glasses. He was covered by the statute and both the Commission and the trial court were correct in so holding.

The judgment is affirmed.

MR. JUSTICE DAY not participating.