(83 South. 663)

No. 23653.

BROOKS v. PEERLESS OIL CO., Inc.

(Jan. 7, 1920.)

*(Syllabus by Editorial Staff.)*

MASTER AND SERVANT ⊚⟿385 (11¼)—INJURY TO ONLY EYE CONSTITUTING "PERMANENT TOTAL DISABILITY" WITHIN EMPLOYERS' LIABILITY ACT.

An injury to a common laborer's only eye, so affecting his vision as to incapacitate him for the work he has been doing, and rendering his ability to do any remunerative labor more than doubtful constitutes "permanent total disability," within Employers' Liability Act, § 8, subsec. 1(e).

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by D. A. Brooks, Jr., against the Peerless Oil Company, Incorporated. Judgment for plaintiff, and defendant appeals. Affirmed.

J. S. Atkinson, of Shreveport, for appellant.

John F. Phillips, of Shreveport, for appellee.

PROVOSTY, J. While plaintiff was engaged in drilling an oil well for the defendant company, the "tongs" (whatever part of the drilling machinery may be meant by that) "flew around" and hit him on the side of the head, across the left ear, knocking him unconscious, in which state he remained, he says, "you might say, for a week." This was in December, 1918. When this case was being tried, in April, 1919, his condition was that his left eye could not rotate to the left beyond a straight line in front of him, or, in other words, could not rotate to the left at all, and when in repose was turned towards his nose, making him cross-eyed, as an effect of the external muscle on that side being paralyzed, and his distance vision in that eye was so affected that letters which a normal eye can read at 100 feet he could not make out at 20 feet. This was all the vision left to him; for he had already lost one eye. As an effect of the injury and of the imperfection of his vision, the sight of moving objects would bring on dizziness. Even objects in repose he saw so imperfectly that he would not have been able, for instance, to distinguish a cotton plant from grass, if he had undertaken to hoe. That condition was permanent. In addition to the foregoing, he was still subject to pains in the back of his head.

He sues under the Employers' Liability Act (Act 20, p. 44, of 1914, amended by Act 243, p. 512, ·of 1916), and the question is as to whether he is entitled to recover as for "permanent total disability to do work of any character," under subsection 1(e) of section 8, which would be $10 for 400 weeks, or as for the impairment of one eye, under the next to last paragraph of subsection 1(d) of the same section 8, which would be "such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in the cases of specific disabilities above named," which specific disabilities would in the present case be as for the loss of one eye, the compensation for which is fixed at "fifty per centum of wages during one hundred weeks."

The learned trial judge found for perma-

nent total disability, reserving to the defendant the right to ask for a revising of the judgment at any time, should the plaintiff recover in part his ability to work, and we agree with that view. Plaintiff is a laborer, whose life work has been as a "roughneck" in oil fields. For that character of work he is now totally incapacitated, and his qualification for laborer's remunerative work of any kind is more than doubtful.

The rationale of these Employers' Liability Acts is that the employment in which the workman has been disabled owes him a living, and it stands to reason that the workman is as totally disabled from work by the loss of one eye as by the loss of two, if he had but one, and by the impairment of the sight as much as by the loss of it, if the impairment be to such a degree as to disable entirely from work. In speaking of the workman being only partially disabled by the loss of one eye, one arm, or one foot, this Employers' Liability Act has reference evidently to the normal man, having both eyes, arms, or feet.

Judgment affirmed.