(No. 14560.—Reversed and remanded.)

THE CHICAGO JOURNAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FLOYD TIDROW, Defendant in Error.)

*Opinion filed October 21, 1922.*

1. PRINCIPAL AND AGENT—*when principal is not charged with knowledge possessed by an agent who hires employee.* Where an agent has acquired information before the commencement of his agency the principal will not be charged with constructive notice thereof, and unless the facts or circumstances are such as to warrant the conclusion that a foreman, at the time he hired an employee for his principal, had in mind a particular physical defect in the employee, his knowledge of such defect, acquired before his employment as foreman, will not be imputed to his principal.

2. WORKMEN'S COMPENSATION—*when an employee losing second member is not entitled to an award for total incapacity.* An employee who lost the sight of one eye some years before his employment is not entitled to an award for total incapacity under subsection 18 of paragraph (*e*) of section 8 of the Compensation act for an injury causing complete loss of the use of his left hand, where the injury does not affect his ability to work at the employment at which he is hired, as the statute does not authorize compensation for total incapacity for the loss of a member, in connection with the former loss of another member prior to the employment, unless such loss actually does occasion total disability or incapacity to work. (*Heaps* v. *Industrial Com.* 303 Ill. 443, distinguished.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

H. L. HOWARD, and WILLIAM GREENE, for plaintiff in error.

EPSTEIN & FEIWELL, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On July 26, 1920, Floyd Tidrow, defendant in error, filed his application with the Industrial Commission against the Chicago Journal Company, plaintiff in error, for compensation under the Workmen's Compensation act for injuries sustained in the course of his employment. The commission referred the case to an arbitrator, who awarded Tidrow compensation at the rate of $12 per week for a period of 291 weeks, and also one week at $8, and thereafter a pension for life of $23.33 per month, under the provisions of paragraph (f) and sub-section 18 of paragraph (e) of section 8 of the Compensation act for permanent and complete loss of use of the left hand, he having previously lost the permanent and complete use of his right eye. A review of the award was made by the Industrial Commission and the award of the arbitrator was confirmed. A writ of *certiorari* was sued out of the circuit court of Cook county, and on review of the record the decision of the Industrial Commission was affirmed and the writ quashed. A writ of error has been allowed by this court to review the judgment.

The facts are not in dispute. Prior to the date of the injury Tidrow had been in the employment of the Chicago Journal Company as sub-foreman or pressman for about eight years. As sub-foreman or pressman he had charge of a press machine and the five men who operated it, and did very little labor in connection with the press except to set the rollers, move the screws or set the ink. His job was of a character that required brain work rather than physical or manual labor to fill his place. On April 10, 1920, he sustained an accidental injury to his left hand which

necessitated the amputation thereof at a point a little below the wrist joint, leaving a portion of the proximal part of the thumb and hand.

It was stipulated by and between the parties that they were operating under and subject to the provisions of the Workmen's Compensation act, and that on April 10, 1920, Tidrow received an injury which arose out of and in the course of his employment, that the employer had notice of the accident within thirty days, and that demand was made for compensation within the time required by law. The only questions for determination are the extent of the injury and the amount of compensation to be paid therefor.

Tidrow had no children under the age of sixteen and is a married man. He was able to return to work May 31, 1920. He testified that his job as sub-foreman or pressman was such as only required him to direct the five men under him who operated the press machine as to how they should do their work, and that it was not necessary for him to do any of the manual work and he was not expected to do any of the manual work in running the press machine. He further testified that his ability to do the work for which he was employed and which he did before the accident had been in nowise impaired by the injury which he sustained to his left hand. It was his opinion that if he were to leave the Chicago Journal Company and get a job in some other printing plant in the same capacity he would receive the same salary paid to those doing the same work. It was his judgment that the only thing that he would experience as an inconvenience or as a probable damage to him by the loss of his left hand in securing a job and earning the same money that others earned in the character of the work he was doing would be the fact that employers might be less inclined to employ him because of the fact that he had lost his hand and that he only had one eye.

The record shows that Tidrow lost his right eye about seven years before he was employed by the Chicago Journal

Company, and that the foreman who employed him had known for several years before such employment that he was blind in his right eye, but he did not inform the foreman or remind him of the fact of his blindness in the right eye at the time he was hired. How he lost his right eye does not appear from the record, but it is clear that it was not destroyed while engaged in the employment of plaintiff in error, and plaintiff in error was not chargeable with notice that he had lost his eye. It is a general rule that where an agent has acquired information before the commencement of his agency the principal will not be charged with constructive notice thereof. Where facts or circumstances are such as to warrant the conclusion that the agent had the particular fact in mind at the time he employed the employee, knowledge will be imputed to his principal. (*Roderick* v. *McMeekin,* 204 Ill. 625; *Snyder* v. *Partridge,* 138 id. 173; *Guaranty Trust Co.* v. *Koehler,* 195 Fed. 669.) There is nothing in the record to show that one looking at Tidrow would at once perceive his right eye was defective or destroyed. The compensation awarded Tidrow was for complete disability, under paragraph (*f*) and sub-section 18 of paragraph (*e*) of section 8 of the Compensation act. Sub-section 18 provides as follows: "The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, or the permanent and complete loss of use thereof, shall constitute total and permanent disability, to be compensated according to the compensation fixed by paragraph (*f*) of this section." (Laws of 1921, p. 452.) Under the award of the commission as confirmed by the circuit court plaintiff in error is required to pay full compensation and a pension to defendant in error for the loss of an eye and the loss of a hand under said provisions of the act, while the facts are that plaintiff in error never caused the loss of the eye and did not have defendant in error in its employ when he lost the eye. In other words, plaintiff in error is required to pay full compensation and

a pension, as aforesaid, for a total disability that does not exist; and not only that, but it is required to pay defendant in error for the loss of his hand while so employed, at the same rate as if he had lost his hand and his right eye while employed by the plaintiff in error. The sole question for us to determine, as we have already said, is whether or not the statute authorizes any such recovery under any interpretation that has ever been made of it by this court or by other courts of last resort of a similar statute.

It is argued by defendant in error that the decision of the arbitrator as confirmed by the circuit court is sustainable by this court under the decision of the case of *Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194. We think that this is a misapprehension. The facts in that case are, that the employee, Williams, had lost his left arm before his employment and his capacity for work was to that extent impaired. He was employed to do work which could be performed by a man having but one arm. In other words, he was paid the small salary of $50 per month as a man of limited capacity. While so employed he suffered the loss of his leg, and his capacity for work was thereby entirely destroyed. In the present case Tidrow's loss of his left hand did not destroy his capacity for work at the work at which he was employed and which was his profession, and he had full capacity to do his work when employed although he had but one eye. He received the same wages when he returned to work as he did before his injury and was later given an increase in his wages. So, as a matter of fact, he is capable of earning just as much money at his profession or occupation as he was before his injury, and is, in fact, earning more money than he did when he was injured. The reason for allowing compensation for total disability in the case just cited was the fact that the employee had lost his entire capacity for work, and that he lost that capacity by the injury which he received while working for his employer when coupled with the further fact that he had lost

an arm before his employment. That case follows a number of other cases in this country in which the courts for the same reason construed the same or very similar statutes in the same manner. The following courts have made such decisions and for such reasons: *In re Branconnier,* 223 Mass. 273; *Brooks* v. *Peerless Oil Co.* 146 La. 383; *In re Coats,* 41 R. I. 289; *Schwab* v. *Emporium Forestry Co.* 153 N. Y. Supp. 234. In the case of *Heaps* v. *Industrial Com.* 303 Ill. 443, we held that where the employee was blind in his left eye before his employment and suffered the loss of his right eye during his employment, he was entitled to recover compensation from his employer for total disability under section 8 because of the fact that by the last injury he lost all the capacity for work that he then had, coupled with the further fact that he only had one eye before he began that employment, following the reasoning in the cases already cited.

An employer may be required to pay compensation for an injury received by an employee in his employment, and such compensation as the statute gives for the injury, whether the injury partially destroys his capacity for work temporarily or permanently, or destroys his entire capacity to work permanently. In paying such compensation the employer is only compensating for an injury that has been actually received while the employee is in his employ; and this is true whether the employee had only a limited capacity by reason of a former injury before his employment. Speaking accurately, the employer in such case is not paying the compensation for an accident received by the employee before his employment where the employee has previously lost a limb or an eye, etc., but is paying compensation for the actual loss of capacity to work that was occasioned by the injury while so employed by him. There is no legal theory upon which an employer can be required to pay compensation, under our Compensation act, for an accident that did not occur during the employment. Under some inci-

dents it is possible under the act to recover compensation for an accidental injury or condition that does not occasion incapacity to work at all, and also to recover compensation for certain injuries that exceeds the loss of wages that might be earned during temporary incapacity to work. Serious and permanent disfigurement of the hands and face, the loss of a toe or a finger or of the phalange of a toe or finger, or the loss of a hand or an arm, etc., are examples of such injuries referred to. In this case, if it be found that Tidrow has lost the complete use of his hand, the plaintiff in error will have to pay compensation at the rate provided by the Compensation act for the loss of a hand, and without regard to the question whether or not the amount paid will be equal to or greater than the loss of wages for the time he was not able to work and without regard to the question of loss of capacity to follow his occupation. This is so because the statute so provides and because the legislature had the right and power to enact such a statute. But Tidrow is not entitled to compensation for the loss of his hand upon the theory that he is permanently and totally incapacitated for work, which is not the fact, although he only had one eye when he lost his hand. This is so simply because the injury received while so employed did not occasion total disability as a matter of fact. An employer cannot be required to pay for total disability for the loss of a hand unless such loss of the hand does occasion total disability or incapacity to work, as already explained. If Tidrow had lost both the eye and hand while working for plaintiff in error, then under the statute he would be entitled to the compensation awarded him, because the statute provides that the loss of a hand and an eye as a result of an injury arising out of and in the course of his employment entitles him to compensation for total permanent disability; but where the injury results only in the loss of one hand or one eye during the employment, the employer cannot be required, under the act, to pay compensation for total disabil-

ity under any circumstances unless the injury destroys the employee's total capacity as an actual fact and without regard to the fact that he may have lost an eye or a hand or a limb previous to his employment.

As above interpreted the statute violates no provision of the constitution, State or Federal. It cannot be insisted that the statute is so unreasonable as to be void because it declares that the loss of any two members of the body shall entitle the employee to the compensation which is allowed for total disability; and this is true although the loss of such two members may not, as a matter of fact, entirely incapacitate the employee from doing all kinds of work. On the other hand, for the loss of only one member compensation can only be demanded as provided by the statute in such a case, unless the loss of such member occasions total disability by reason of the former loss of another member. Our decision amounts to nothing more than that an employee may recover the compensation provided for in the statute for an injury in his employment where the amount fixed is not entirely unreasonable; also, that an employee, under the statute, may recover compensation for total disability where the loss of one member of the body occurs in the employment and creates total incapacity by reason of the fact he had lost another member before his employment.

The defendant in error, under the proof, cannot recover greater compensation than for the loss of a hand for the reasons aforesaid but is entitled to recover for the loss of a hand, as provided in sub-section 12 of paragraph (e) of section 8 of the Compensation act. Plaintiff in error is entitled to all credits for payments by it made to the defendant in error under said section, the amount of which does not definitely appear in this record.

The judgment is therefore reversed and the cause is remanded to the circuit court, with directions to remand the cause to the Industrial Commission for further proceedings consistent herewith.

*Reversed and remanded, with directions.*