No. 27,649.

DANIEL MOORE, *Appellee*, v. WESTERN COAL AND MINING COMPANY, *Appellant*.

(257 Pac. 724.)

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Total and Permanent Disability—Effect of Previous Partial Disability*. A coal miner, under the workmen's compensation act, suffered a permanent partial disability to his right eye by accident in 1918. Seven years later, when mining coal for another employer for whom he had worked five and one-half years, he suffered an injury to his left eye which rendered him totally and permanently disabled. *Held,* that his later employer from whom he sought compensation was not entitled to credit for an amount ($1,188) paid to him seven years previous by the other employer in settlement for partial permanent disability on account of the injury to his right eye.

2. SAME—*Generally*. Various alleged errors considered in an action under the workmen's compensation act, and held not to be of substantial merit.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed July 9, 1927. Affirmed.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*Phil Callery, James E. Callery, Caroline A. Lowe* and *R. L. Robinson,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one under the workmen's compensation act. Plaintiff prevailed, and defendant appeals.

The plaintiff, a coal miner, was injured October 20, 1925, while in the employ of the defendant, by being struck in the left eye by a piece of slate rock or sulphur. A corneal ulcer resulted, which later left a corneal scar over the greater part of the eye. Arbitration was agreed upon, the arbitrator finding that for all practical purposes the plaintiff had lost the entire vision of the eye and was totally and permanently disabled. On a review before the district court additional testimony was offered by both parties, but was substantially the same as that introduced in the hearing before the arbitrator. The evidence showed and the arbitrator among other things found that in 1918 plaintiff, while working for the Central Coal and Coke

Workmen's Compensation Acts, C. J. pp. 94 n. 98, 118 n. 82; 8 A. L. R. 1326; 24 A. L. R. 1467.

Moore v. Western Coal and Mining Co.

Company, was injured in his right eye, suffering at least a partial permanent disability to such eye. The principal point of controversy is whether plaintiff's former injury should be taken into consideration in the present action in ascertaining the amount of plaintiff's compensation. The arbitrator found that if the plaintiff had not received the former injury the later one would not have disabled him to such an extent that he could not mine coal. It was found that the plaintiff was paid $1,188 by the Central Coal and Coke Company in 1918 for the injury to his right eye.

The defendant ably and adroitly argues: First, that but for the former injury the latter injury would not have disabled him to such an extent that he could not mine coal, and that, therefore, the award of the arbitrator should not have been more than the amount allowed by the statutes for the loss of an eye ($1,320 in this case), and that the district court erred in refusing to set aside the findings of the arbitrator as being grossly excessive. Second, that if the court should not have reduced the award to $1,320, that under the findings of the arbitrator the plaintiff's total disability was not caused by his last injury, but was caused by the two combined. Third, that since the arbitrator found that plaintiff could perform some manual labor (even though he could not mine) and there being no findings as to the amount of money he could earn at such labor, the award could not properly have been for more than the minimum of $6 per week for partial permanent disability. And fourth, that in the event the court does not hold that compensation should be reduced to the scheduled amount allowed for the loss of an eye ($1,320), and does not hold that the award of the arbitrator was otherwise grossly excessive, then that plaintiff's compensation should be reduced at least in the amount of compensation paid him for the injury received in 1918.

The defendant's various contentions cannot be sustained. The facts disclose the loss of an eye, coupled with a previous disability. The statute applicable makes no provision for an award such as suggested by the defendant. There is no theory under which defendant's claim can be justified. Plaintiff worked for defendant five and one-half years, during which time he had the full use of his left eye and was earning at least $1,300 per year, or an average of $25 per week. While engaged in and on and about the regular course of his employment plaintiff suffered an injury to his left eye, since which time he has been and will continue to be permanently and totally dis-

abled. He has passed out of the class of self-supporting workers into the class of total dependents. Both the arbitrator and the trial court pronounced plaintiff totally and permanently disabled and allowed him $15 per week for 415 weeks. If the defendant had paid plaintiff the $1,188 for his first injury seven years before, there might be some merit to its contention that it should have credit for this amount before payment for total disability as a result of his later disability, but we find no justification for its claim when the facts are applied to the statute. Various other questions raised and authorities cited by the parties need not be analyzed.

The judgment is affirmed.