No. 31,932

J. H. STEVENS, *Appellant*, v. THE KELLY-CARTER COAL COMPANY, *Respondent*, and T. H. MASTIN & COMPANY, *Appellees*.

(37 P. 2d 48)

Opinion filed November 3, 1934.

*Phil H. Callery* and *James E. Callery*, both of Pittsburg, for the appellant.

*P. E. Nulton* and *G. L. Stevenson*, both of Pittsburg, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action for workmen's compensation. Judgment was for claimant allowing his claim in part. Claimant and respondent both appeal.

On February 26, 1931, claimant suffered an accidental injury to his left eye. The effect of this injury was to keep his left eye turned in against his nose so that his line of sight is at an acute angle to the right. The right eye was not injured in this accident, but since childhood he has been almost blind in it. As a result of this the examiner found that the only way for claimant to work would be

for him to turn his head far to the left so as to see in front of him. He held that this would be out of the question. The examiner there-. fore concluded that claimant did not have such use of his eyes as to enable him to perform labor, and had suffered the loss of the sight of both eyes.

The examiner allowed for total permanent disability, but applied R. S. 1933 Supp. 44-510 (3) (24), which is as follows:

"If a workman has suffered a previous disability and received a later injury, the effects of which together with the previous disability shall result in total permanent disability, then and in that event the compensation due said workman shall be the difference between the amount provided in the schedule of this section for his prior injury and the total sum which would be due said employee for such total disability computed as provided in section 11 of this ` act, but in no case less than six dollars ($6) per week nor more than eighteen dollars ($18) per week."

Applying that section, the award was for 415 weeks less 110 weeks or 305 weeks in all. The deduction of 110 weeks was made because that is the award provided for in R. S. 1933 Supp. 44-510 (3) (15) for the loss of the sight of an eye. There is no doubt in this case that claimant had lost the sight of his right eye before the accident occurred that injured his left eye.

This award was appealed by claimant and respondent to the district court, where it was affirmed. No appeal was taken from this judgment.

Acting pursuant to the award, respondent paid compensation to claimant until January 19, 1934. On that date respondent filed a motion for review and modification of the award on the ground that it was excessive and that the incapacity and disability of the claimant had terminated.

To this motion claimant answered denying that the award was excessive or that the disability or incapacity of claimant had changed.

Claimant further answered that on account of the deduction heretofore spoken of the award was inadequate. Claimant asked that the award be modified by adding 110 weeks' compensation to it.

The examiner denied both applications. Claimant and respondent both appealed to the district court. That court affirmed the award. They both appeal to this court.

The section under which this second proceeding was had is R. S. 1933 Supp. 44-528. It is as follows:

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the commission upon good cause shown upon the application of either party, and in connection with such review the commission may appoint a physician or surgeon, or two physicians or surgeons to examine the workman and report to the commission and the commission shall hear all competent evidence offered and if it shall find that the award has been obtained by fraud or undue influence, or that the committee, or arbitrator, making the award acted without authority, or was guilty of serious misconduct, or that the award is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commission may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act; and if the commission shall find that the workman has returned to work for the same employer, in whose employ he was injured or for another employer and is earning the same or higher wages than he did at the time of the accident or injury, or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, or shall find that the workman has absented himself and continues to absent himself so that a reasonable examination cannot be made of him by a physician or surgeon selected by the employer, or has departed beyond the boundaries of the United States, the commission shall cancel the award and end the compensation: *Provided,* That the provisions of this section shall not apply to an award of compensation provided for in the schedule of specific injuries in section 10 of this act."

Respondent argues that the appeal to this court should be dismissed because it was not taken within twenty days after the final order was made by the district court. The argument is that the appeal is really from the order of the district court affirming the award on June 5, 1931. This point is not good. The statute provides that either party may ask for modification of the award on the ground that it was inadequate or that it was excessive or that claimant had recovered. In the proceedings under consideration here claimant claimed the award was inadequate. Respondent claimed that claimant had recovered. The examiner and the district court heard both sides and overruled both. This appeal is from that judgment and is taken in time. The last award of the commission was a new award and the order of the district court affirming it was an appealable order.

Respondent next points out that the evidence it furnished the examiner that the disability of claimant had terminated or diminished was uncontradicted, and on that account the original award should have been modified. The trouble is that the examiner was not able, from the record in this case, nor could the district court

say, nor can this court say, that the disability of the claimant had diminished from what it was when the first award was made because there is no evidence in this record as to what that condition was. Moreover, the examiner and the district court were not obliged to believe the witnesses who testified for respondent even though their evidence was uncontradicted. (See *Sharp v. Losee,* 109 Kan. 211, 199 Pac. 94; also *Weber Implement & A. Co. v. Dubach,* 132 Kan. 309, 295 Pac. 979.)

Claimant argues that the 110 weeks' compensation should not have been deducted from the award of compensation. In support of this contention claimant relies on the opinion of *Moore v. Western Coal and Mining Co.,* 124 Kan. 214, 257 Pac. 724. In that case this court held that the amount provided to be paid for an injury to an eye where a later injury to the other eye rendered the claimant totally blind could not be deducted from the award for loss of the sight of both eyes. That opinion does not discuss the statute relied on here, and apparently the court did not consider it. In so far as it is not in accord with the views expressed herein, it is overruled. In making the deductions in this case the court followed exactly the provisions of the statute. The evident reason for the provision is well illustrated by a case such as the present one. Here the accident causing the injury did not really injure both eyes. It only injured one eye. The total disability is not on account of the injury alone. It is on account of the injury together with the condition of the other eye, which is not due to the injury at all.

The subject of workmen's compensation is entirely a matter of statute. Without a statute there would be no such thing. The statute has provided a rule for cases like this. We hold that the examiner and the trial court made the correct interpretation of it.

The judgment of the trial court is affirmed.