JOHN NOTTE *v.* RUTLAND RAILROAD COMPANY.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*Bove, Billado & Dick* for the appellant.

*Edwin W. Lawrence* for the appellee.

STURTEVANT, J.   One John Notte, hereinafter called the claimant, an employee of the Rutland Railroad Company, suffered a compensable injury April 11, 1940, as a result of which he lost his left eye.   At that time he was practically blind in his right eye from a cause in no way connected with his employment or the accident here in question.   He was awarded compensation for an undetermined period under the provisions of P. L. sec. 6521 which statute is hereinafter set out.   The claimant brought his petition for a modification of that order and asked for an award of compensation upon the basis of permanent and total disability.   The commissioner of industrial relations denied that petition and the case is here upon the claimant's exceptions saved to such action of the commissioner.

The question presented is whether the commissioner was in error in refusing to rule that the claimant was permanently and totally disabled as a result of the accident.

The employer does not question the fact that the claimant is permanently and totally disabled for work.   However, it contends that if the claimant had been a normal man with two good eyes at the time of the accident, he would have had some ability to work as soon as the wound caused by the removal of his left eye had healed and that therefore the dismissal of the claimant's petition for a modification of the order was without error.

At the time of the accident the claimant's average weekly wage was $29.10.

The provisions of the workmen's compensation act here material are as follows:

> *P. L. 6521.* "**Total disability; minimum payment.** Where the injury causes total disability for work, the employer during such disability, not including the first seven days thereof, shall pay the injured employee a weekly compensation equal to fifty per cent of the average weekly wages, but not more than fifteen dollars nor less than six dollars a week in any event.* * *.''
>
> *P. L. 6522.* "**Same; period of payments.** Payments shall not continue after such disability ends, nor longer than two hundred and sixty weeks, * * *''

P. L. 6523 specifies certain specific injuries which are to be deemed to cause permanent and total disability. Among these is included the total and permanent loss of the sight of both eyes.

P. L. 6524 states that the list of injuries set out in the preceding section shall not be deemed exclusive and that the amount paid to one person for permanent and total disability resulting from an accident shall not exceed four thousand dollars.

> *P. L. 6527.* "**Partial disability; specific benefits.** In case of the following injuries the compensation shall be paid during total disability, as provided in sections 6521 and 6522, and at the termination of the total disability occasioned by such injuries, the employer shall pay to the injured employee fifty per cent of the average weekly wages, computed as provided in section 6529 and subject to the maximum and minimum as provided in sections 6521 and 6522, for the periods stated against such injuries respectively, but in no case to exceed the period of two hundred and sixty weeks, which compensation shall be in lieu of all other benefits except those provided in section 6520:
>
> XVII The loss of an eye, one hundred weeks;''

That for a time after the accident the claimant was totally disabled as a result of the injury to his left eye is not questioned. He was therefore then entitled to receive compensation under the provisions of P. L. 6521. But the employer contends that after the claimant's left eye had been removed and the wound caused thereby had healed he no longer came within the provisions of that statute but then was within the provisions of P. L. 6527, XVII, and so was entitled to receive compensation for only one hundred weeks.

P. L. 6578 in effect provides that our workmen's compensation act shall receive a liberal construction.

It appears from the provisions of P. L. 6527 that for the claimant to come within the scope of that section there must have been a termination of his total disability caused by the accident. True it is that the claimant was physically impaired at the time of the accident, he then being practically blind in his right eye. However, our statute fixes no standard of fitness to which the employee must conform. *Morrill* v. *Bianchi & Sons, Inc.*, 107 Vt. 80, 87, 176 Atl. 416. In his then impaired condition he had that degree of working ability which enabled him to do the work for which he was hired. Such working ability was transformed into total disability as a direct result of the accident. Since by the injury to his left eye he was totally disabled for work he was entitled to receive compensation under the provisions of P. L. 6521 as limited by the provisions of P. L. 6522. Because his total disability is permanent he continues to be entitled to compensation under the provisions of those sections. He is excluded from coming within the provisions of P. L. 6527 because there has not been a termination of his total disability. Our act provides a fixed compensation for a limited time "where the injury causes total disability for work". It establishes no other standard and it fixes no method for dividing the effect of the injury and attributing a part of it to the employment and another part to some pre-existing condition. It contains nothing to indicate that the legislature intended any such division.

It follows that the dismissal of the claimant's petition for a modification of the existing order in this case was error.

The result here reached is in accord with the great weight of authority. *Branconnier's Case*, 223 Mass. 273, 111 N. E. 792;

*Kreighbaum* v. *Buffalo W. W. Co.,* 224 N. Y. 621, 121 N. E. 875;
*Schwab* v. *Emporium Co.,* 216 N. Y. 712, 111 N. E. 1099; *Fair* v.
*Hartford R. W. Co.,* 95 Conn. 350, 111 Atl. 193; *Combination,*
*&c. Co.,* v. *Obser,* 96 N. J. L. 544, 115 Atl. 138, 139; *Ind. Com.* v.
*State &c. Fund,* 71 Colo. 106, 203 Pac. 215; *Heaps* v. *Ind. Com.,*
303 Ill. 443, 135 N. E. 742; *Superior Coal Co.,* v. *Industrial*
*Comm.,* 321 Ill. 533, 152 N. E. 535; *Jennings* v. *Mason City &c.*
*Co.,* 187 Iowa 967, 174 N. W. 785; *McNeil* v. *Panhandle L. Co.,*
34 Idaho 773, 203 Pac. 1068; *Moore* v. *Western C. & M. Co.,* 124
Kan. 214, 257 Pac. 724; *Brooks* v. *Peerless Oil Co.,* 146 La. 383,
83 So. 663; *Guderian* v. *Sterling,* 151 La. 59, 91 So. 546; *Nease* v.
*Hughes Stone Co.,* 114 Okla. 170, 244 Pac. 778.

The employer has cited two cases from Michigan, one from
Pennsylvania and one from Indiana in support of its contention.
The holdings in those cases for the most part are accounted for
by a difference in statutory provisions from those of Vermont.
In so far as they may be inconsistent, if they are so, with the re-
sult reached in the case at bar, they are in the minority and we
refuse to follow them.

*Judgment that the order of the commissioner of industrial re-*
*lations denying the claimant's application for a modification of*
*the existing order in this case be and the same is set aside and*
*held for naught. Let the existing order be modified in accord-*
*ance with the views herein expressed so as to award the claimant*
*compensation at the rate of $14.55 per week upon the basis of*
*permanent and total disability, that is, for a period of 260*
*weeks beginning April 19, 1940. To be certified to the Commis-*
*sioner of Industrial Relations.*