(No. 4110— )

ALONZO D. WISE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1948.*

R. B. THOMAS, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, for Respondent; C. ARTHUR NEBEL, Assistant Attorney General, of Counsel.

DAMRON, J.

Claimant, Alonzo D. Wise, filed his complaint on July 26, 1948, for an award for permanent and total dis-

ability under the Illinois Workmen's Compensation Act. The record shows that claimant's injuries resulted from an accident arising out of and in the course of his employment as an attendant by respondent in the Department of Public Welfare; that notice thereof and claim for compensation was made within the statutory period, as required under Section 24 of the Act.

On the afternoon of December 5, 1947, while claimant was attending patients in Ward 2 of the East Moline State Hospital he was attacked by a patient. He struck the end of a table and fell to the floor. Claimant was then eighty-three years of age.

Dr. Armin H. Wolff, assistant superintendent, arrived at the ward within a few minutes and made an examination of Mr. Wise, which revealed pain in the region of the right hip and shortening and eversion of the right leg indicative of possible fracture. Claimant was taken on a stretcher to the hospital ward. An X-ray taken on the same date was interpreted by Dr. Wolff as revealing a fracture of the neck of the femur with impaction. Later X-rays showed slight callus formation but otherwise essentially the same condition. The witness further testified that prior to the accident claimant worked constantly and performed his duties in a satisfactory manner; he attended claimant since the accident and knows claimant is unable to walk without assistance, that he must use crutches, has limited motion in the right hip and shortening in the right leg. In his opinion claimant is unable to perform the duties assigned to him prior to December 5, 1947; his condition is due to the fracture; his present disabilities are permanent and claimant will be unable to walk sufficiently in the future to be gainfully employed.

Dr. P. S. Waters, superintendent of the hospital, tes-

tified claimant prior to the accident was considered a "number one" attendant; that he has studied the X-rays; has observed Wise since December 5, 1947 and his findings would substantially concur with the testimony of Dr. Wolff.

Claimant testified in his own behalf that prior to the accident he had no difficulty in performing his duties, could go up two steps at a time and worked regularly eight hours a day six days a week. At present he has a short leg, cannot dress himself or stoop, and requires someone else to put him in bed and get him out of bed. He has been in a wheel chair and cannot leave it without assistance. He can bear some weight since he has been walking on crutches, but when he gets up his knee gives out.

It was stipulated that hospital and medical services were provided by respondent to the date of the hearing.

The testimony of claimant, Dr. Wolff and Dr. Waters clearly establishes that claimant at present has wholly lost the normal use or function of his leg and that this incapacity in their opinion is permanent. The evidence further discloses that the injury is confined to claimant's leg, but that as a result of claimant's condition he will be unable to engage in gainful employment.

On the basis of this evidence claimant contends that he is entitled to an award for permanent and total disability and pension, rather than an award for specific loss of the leg. Claimant's counsel cites Chicago Journal Co. vs. Industrial Commission, 303 Ill. 443, as sustaining this position. He also argues that the exception in the specific loss schedule of the first provision of Clause 18, Par. (e), Sec. 8 of the Workmen's Compensation Act shows the legislature intended that an employee is entitled to an award for total disability in every case where

an injury renders the employee wholly and permanently incapacitated for work.

The Attorney General contends that the case of *Penninger* v. *State,* 16 C.C.R. 111, is controlling. The facts in that case were substantially identical with those in the instant case, and it was held that claimant was not entitled to an award for total and permanent disability but had sustained a specific loss only for which she was entitled to compensation.

The *Chicago Journal Company* and *Heap* cases relied upon by claimant do not directly pass upon the precise question presented in the instant case.

The evidence in this record discloses that claimant's injuries and disabilities are limited to his leg. Except for this loss of use of his leg there is no evidence to indicate that other organs or members of claimant's body were in any way affected as a result of the injury. Except for the specific injury claimant is otherwise normal for a man of his advanced years.

We do not believe this record sanctions an award for total and permanent disability. We do find that claimant has sustained a permanent and complete loss of use of his right leg.

Claimant was temporarily and totally disabled from December 5, 1947 to October 8, 1948, a period of forty-four weeks. His annual earnings were $1,827.58. His weekly compensation rate is, therefore, $19.50.

We find that claimant was entitled to the sum of $858.00 for forty-four weeks of temporary total disability, for which he was paid the sum of $757.45. He is, therefore, entitled to the further sum of $100.55 for temporary total incapacity.

We further find that claimant has suffered a permanent and complete loss of use of his right leg for

which he is entitled to an award for 190 weeks at $19.50 per week.

An award is, therefore, hereby entered in favor of claimant, Alonzo D. Wise, in the sum of three thousand, seven hundred and five dollars ($3,705.00), plus one hundred dollars and fifty-five cents ($100.55), amount due claimant for temporary compensation, or a total award of three thousand, eight hundred and five dollars and fifty-five cents ($3,805.55). Of this amount the sum of one hundred dollars and fifty-five cents, balance due for temporary compensation, is payable forthwith; as is the further sum of ninety-seven dollars and fifty cents ($97.50), representing accrued compensation for loss of use of leg, to November 12, 1948; or the total sum of one hundred and ninety-eight dollars and five cents ($198.05). The balance of the award in the amount of three thousand, six hundred and seven dollars and fifty cents ($3,607.50) is payable in weekly installments of nineteen dollars and fifty cents ($19.50) beginning November 19, 1948.

Arno N. Bufe was employed to take and transcribe the evidence in this case, and has made a charge for that service in the amount of forty dollars and eighty-five cents ($40.85). We find the charges fair, reasonable and customary. An award is, therefore, hereby entered in favor of Arno N. Bufe in the sum of forty dollars and eighty-five cents ($40.85).

These awards are subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees''.