# Vito Valente v. Howe Richardson Scale Company

[ 248 A.2d 735 ]

October Term, 1968

Present: Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

*O'Neill, Delany & Valente* for the Plaintiff.

*Ryan, Smith & Carbine* for the Defendant.

**Smith, J.** The claimant, Vito Valente, under the provisions of the Workmen's Compensation Act, suffered a compensable injury while working for the Howe Richardson Scale Company, the employer, on June 7, 1965. Such injury included a complete and total loss of hearing in both ears to the claimant. The claimant suffered a temporary total disability and the parties entered into an agreement before the Commissioner of Industrial Relations by which the insurance carrier for the employer agreed to pay compensation to the claimant for temporary total disability. After paying the temporary total disability to the claimant for 115 weeks, the insurance carrier gave notice that

it would stop payments to the claimant for temporary total disability on the grounds that under the provisions of the Workmen's Compensation Act, it was obligated to pay to the claimant 215 weeks of partial disability payments. The contention of the insurance carrier was that by adding to the 115 weeks of payment of temporary total disability, the 215 weeks which it was obligated to pay to the claimant for loss of hearing, under the specific terms of the statute, it would then have paid the claimant 330 weeks of compensation, the maximum number of payments required under the Workmen's Compensation law.

Upon the objections of the claimant to the proposed payments by the insurance carrier, a hearing was held upon an agreed statement of facts before the Commissioner of Industries on May 22, 1968. Both parties have appealed here from the order of the Commissioner, based upon findings of fact which were identical to the agreed statement between the parties. The order appealed from is quoted below:

"It is therefore ordered that the insurance carrier, or in the event of its default, the employer, immediately resume payments of weekly temporary total disability benefits to the claimant retroactive to August 22, 1967, and continue same until it has been proven that the claimant is permanently totally disabled, or until 330 weeks of benefits have been paid to the claimant, whichever occurs first. It is further ordered that medical benefits shall be paid to the claimant until he is no longer in need of such benefits for injuries resulting from his accident."

While on claimant's motion three questions of law were certified to this Court by the Commissioner of Industrial Relations, as claimant, himself, asserts, they all come down to one ultimate question. This question is, "May an employee recover more than three hundred and thirty (330) weeks of benefits under the provisions of the Workmen's Compensation Law of Vermont?"

It is the claimant's briefed assertion here that he is allowed two recoveries under the Workmen's Compensation Act. First, a compensation for the loss of wages during the period of recovery from his injury, which, he admits under the statute is limited to a period of three hundred and thirty weeks. But it is his claim that the specific benefit provided for the loss of his hearing of two hundred and fifteen weeks of compensation does not come within the three hundred and thirty week limitation of the statute, but is in addition thereto.

The statutory section of the Workmen's Compensation Act which we are called upon to interpret here under the question raised by the claimant is 21 V.S.A. §648, reading in part as follows:

"In case of the following injuries, the compensation shall be paid during total disability, as provided in §§642 and 643 of this title, and at the termination of the total disability occasioned by such injuries, the employer shall pay to the injured employee sixty-six and two-thirds per cent of the average weekly wages, computed as provided in §650 of this title and subject to the maximum and minimum as provided in §§642 and 643 of this title, for the periods stated against such injuries respectively, but in no case to exceed the period of three hundred and thirty weeks, which compensation shall be in lieu of all other benefits except those provided in §§640 and 641 of this title."

In subdivision (2) of 21 V.S.A. §648, appears:

"The permanent and complete loss of hearing in both ears, two hundred and fifteen weeks."

Various other subdivisions provide the time limits for compensation for various other named injuries.

Returning now to the previously quoted part of 21 V.S.A. §648, we find that 21 V.S.A. §642, referred to has no materiality to the question before us being directed to the fixing of compensation with reference to wages received, number of dependents and like matters. But 21 V.S.A. §643, also referred to in §648, does shed some light on the question presented:

"Payments shall not continue after such disability ends, nor longer than three hundred and thirty weeks. In case the total disability begins after a period of partial disability, the period of partial disability shall be deducted from such total period of three hundred and thirty weeks."

Here is a clear indication of the legislative intent in enacting the provisions of the Workmen's Compensation Act, that the three hundred and thirty week limitation on the recovery of benefits applies in all cases of disability, even though such disability may have one period of partial disability, as well as another period of total disability.

But an even clearer indication as applied to the question now before us is found in returning to 21 V.S.A. §648(21):

"In all cases where the employee sustains any of the injuries enumerated in the preceding twenty subdivisions and at the same time received injuries to other parts of his person which in themselves totally disable him for work, then such employee shall first receive compensation for temporary total disability while totally disabled by reason of any or all of such injuries * * * and thereupon compensation shall be paid for the specific injuries as above specified, but in no case shall the total period for which compensation is paid exceed three hundred thirty weeks."

■ This subdivision of the statute refers to the very situation in which the claimant finds himself, where he is entitled to both temporary total disability as well as compensation for a specific injury. But the section makes plain the legislative intent that "in no case shall the total period for which compensation is paid exceed three hundred thirty weeks," even though the compensations for temporary total disability and for the specific injury suffered are paid at different times.

We can find nothing in either *Notte* v. *Rutland Railroad Company,* 112 Vt. 498, 28 A.2d 378, or in *Orvis* v. *Hutchins,* 123 Vt. 18, 179 A.2d 470, cited to us by the claimant to support his contention that he is entitled to receive more than three hundred and thirty weeks of compensation because he is entitled to both compensation for temporary total disability as well as that provided for a specific injury.

In the *Notte* case, the claimant there, who was almost totally blind in his right eye, also lost the sight in his left eye as a result of a compensable injury. The employer's contention in that case was that claimant's total disability ceased when the left eye healed, although the claimant was left totally blind. But this Court, finding that the statute fixed no standard of fitness for employment at the time of hiring, allowed the claimant to recover total disability for the statutory period, even though healing had taken place in the left eye. But the order of the Court limited the total of such payments to a period of 260 weeks under the provisions of P.L. 6522.

In *Orvis* v. *Hutchins, supra,* the question before the Court was whether an award for permanent partial disability covered by 21 V.S.A. §648 should be reduced by the indefinite and unscheduled benefits previously awarded for partial disability under 21 V.S.A. §646. The Court, speaking through now Chief Justice James S. Holden, held that the award specified for permanent total disability was not subject to any conditions or qualification concerning temporary loss of earning

power. But the opinion stated that this combination of compensation for both temporary and permanent disability should " 'in no case exceed the period of three hundred thirty weeks, which compensation shall be in lieu of all other benefits' except those relating to medical and surgical expenses."

■ The defendant insurance carrier has briefed its objection to that part of the order of the Commissioner of Industrial Relations which reads:

"It is further ordered that medical benefits shall be paid to the claimant until he is no longer in need of such benefits for injuries resulting from his accident."

The objection is based upon the claim that this part of the order is not in compliance with 21 V.S.A. §640. Entitled "Medical Benefits," this section of the statute, in essence, limits the expenditures that an employer must make for medical and surgical supplies and services to an amount not to exceed the sum of Five Thousand Dollars, unless upon request and hearing the Commissioner, in his discretion, allows additional payments of this nature. We believe that any deficiency in this part of the order of the Commissioner of Industrial Relations can be remedied by adding the words "within the limits of the statute at the time of claimant's injury."

*The Order of the Court is that the second sentence of the order of the Commissioner of Industries be amended by adding the words "within the limits of the statute at the time of claimant's injury."*

**Holden, C.J., did not sit.**